UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21463

NEREYDA SUHEY CASTILLO MARENCO,

    Plaintiff,

vs.

J.C. PAINTING CONTRACTOR LLC,
MARIA GONZALEZ, AND
TOMAS GONZALEZ SOTELO,

    Defendants.
_____/

## COMPLAINT

    Plaintiff, Nereyda Suhey Castillo Marenco, sues Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez Sotelo, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Nereyda Suhey Castillo Marenco**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

    2.    **Defendant, J.C. Painting Contractor LLC,** is a *sui juris* Florida for-profit limited liability company authorized to conduct and that conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

    3.    **Defendant, Maria Gonzalez,** was at all times material the 60% owner as well as an officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

    4.    **Defendant, Tomas Gonzalez Sotelo,** was at all times material the 40% owner as well

1

as an officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. He also ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

7. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Nereyda Suhey Castillo Marenco, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

9. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

10. Defendants regularly employed two or more employees for the relevant time handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

11. Defendants were at all times material engaged in interstate commerce in the course of their painting, waterproofing, and stucco business using paints, brushes, rollers, sprayers, hoses, compressors, tablets, machinery, lifts, ladders, PPE, goods, materials, supplies, and equipment that have all moved through interstate commerce.

12. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

13. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

14. Defendants also engage in e-commerce through the internet on their website, https://www.J.C.paintingmiami.com/, which they registered through GoDaddy LLC (a foreign corporation).

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

16. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

17. Plaintiff was a non-exempt employee of Defendants.

18. Plaintiff consents to participate in this lawsuit.

19. During this time, Plaintiff regularly and routinely utilized telephones, cellular telephones, computers, computer networking equipment, and other goods and supplies that moved

3

through interstate commerce while also shipping and receiving items that traveled in interstate commerce.

20. Plaintiff also regularly and recurrently exchanged communications outside of the State of Florida with vendors and customers, as well as by regularly and recurrently conducting electronic transmissions of emails, online transactions, and processing payments to vendors and from clients located outside of Florida.

21. Plaintiff worked for Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez Sotelo, from about September 2021 to March 13, 2024.

22. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

23. Defendants paid Plaintiff as follows:

   a. $18/hour since being hired;

   b. $20/hour as of October 22, 2022;

   c. $25/hour for about one month starting September 2023;

   d. $28/hour starting in October 2023 until she ceased working for Defendants.

24. Defendants paid most of Plaintiff's wages by check, which they supplemented by paying her cash for all hourly wages above $20/hour.

25. Defendants did not maintain records of the days, times, or hours that Plaintiff worked.

26. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

27. Defendants failed and refused to pay Plaintiff overtime wages calculated at 1.5 times Plaintiff's regular hourly rate(s) of pay for all the hours she worked beyond 40 hours each workweek.

28. Defendants willfully and intentionally refused to pay Plaintiff wages at 1.5 times her regular hourly pay rate(s) for each overtime hour worked during the relevant time.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

30. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked during the three years prior to the filing of this Complaint, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Nereyda Suhey Castillo Marenco, demands the entry of a judgment in her favor and against Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez Sotelo, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages under 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

5

      f.      That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

      g.      Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION(S) OF 26 U.S.C. §7434

Plaintiff, Nereyda Suhey Castillo Marenco, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

31.    Defendant, J.C. Painting Contractor LLC, employed Plaintiff in calendar year 2023.

32.    Defendant, J.C. Painting Contractor LLC, each had an obligation to provide correct information returns to the IRS and the Plaintiff.

33.    Defendant, J.C. Painting Contractor LLC, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2023, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2023.

34.    Defendant, J.C. Painting Contractor LLC, paid Plaintiff $20 per hour in the paychecks issued to her, from which taxes and withholdings were deducted.

35.    Defendant, J.C. Painting Contractor LLC, paid the rest of Plaintiff's hourly wage in cash.

36.    Defendant, J.C. Painting Contractor LLC, did not include the cash they paid to Plaintiff in any information returns reporting the wages earned by (or paid to) Plaintiff in 2023, such as the Form W-2 that Defendant issued to Plaintiff for calendar year 2023.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

37. Defendant, J.C. Painting Contractor LLC, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2023 by underreporting the amount they paid to Plaintiff in that calendar year.

38. Plaintiff suffered damages as a result of Defendant's willful provision of the false/fraudulent information return in 2023, as described above.

39. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
> > (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
> >
> > (2) the costs of the action, and
> >
> > (3) in the court's discretion, reasonable attorneys' fees.

40. Plaintiff seeks the greater of $5,000 or the actual damages she sustained as a proximate result of each fraudulent information Defendant filed for her for 2023, plus her attorney's fees and costs.

**WHEREFORE** Plaintiff, Nereyda Suhey Castillo Marenco, demands the entry of a judgment in her favor and against Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez Sotelo, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2023 as set forth above;

  b.  That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

  c.  That Plaintiff recover all interest allowed by law; and

  d.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Nereyda Suhey Castillo Marenco, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of April 2024,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel: 305.230.4884
        *Counsel for Plaintiff*