UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-21463-RKA

NEREYDA SUHEY CASTILLO MARENCO,

      Plaintiff,

vs.

J.C. PAINTING CONTRACTOR LLC,
MARIA GONZALEZ and
TOMAS GONZALEZ SOTELO,

      Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendant, by and through the undersigned counsel, states the following in response to Plaintiff's Statement of Claim (D.E. 7) (hereinafter, "SOC"):

1. Plaintiff was an exempt employee under the: 1) administrative exemption; 2) executive exemption; and 3) combination exemption. Plaintiff was Defendant's Office Manager.

2. As to the administrative employee exemption, plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant and/or Defendant's clients and her work included the exercise of discretion and independent judgment with respect to matters of significance.

3. As to the executive employee exemption, Plaintiff's primary duty was managing the business, customarily and regularly directing the work of at least two or more other full-time employees or their equivalent and Plaintiff had the authority to hire or fire other employees and/or Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or

any other change of status of other employees were given particular weight.

4. Plaintiff is greatly exaggerating the hours that she worked. Factually, Defendant will contest Plaintiff's claim as to hours/ overtime hours worked.

5. Plaintiff's maximum overtime claim would be constrained to a 2-year statute of limitations period because Plaintiff, who bears the burden of proof on the issue, has no evidence of willfulness. *McLaughlin v. Richard Shoe Co.)* 486 U.S. 128, 133 (1988) (Plaintiff must prove Defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.")

6. Plaintiff is not entitled to liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that its actions did not violate the statute. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515-F.3d 1150, 1164 (11th Cir. 2008) and *Davila v. Menendez*, 717 F.3d 1179, 1985 (11th Cir. 2013)(to satisfy the subjective good faith component the employer must show "it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it").

7. Defendant incorporates herein the affirmative defenses that they will raised in this action as set forth in their pleading and have agreed to provide Plaintiff with records concerning same. Defendant is disclosing all documents that they have uncovered after searching diligently.

Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendants

By:   /s/Todd W. Shulby, Esq.
      Florida Bar No.: 068365

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 24, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brian H. Pollock, Esq. and Patrick Brooks LaRou, Esq.

I HEREBY CERTIFY that on June 24, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will mail a copy of the foregoing and notice of electronic filing to the following non-CM/ECF participants: None.

By:   /s/Todd W. Shulby, Esq.
      For Todd W. Shulby, P.A.