UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21463-ALTMAN/Sanchez

**NEREYDA SUHEY CASTILLO MARENCO**,

    *Plaintiff*,

v.

**J.C. PAINTING CONTRACTOR LLC**, *et al.*,

    *Defendants*.

_____/

## ORDER GRANTING MOTION FOR BILL OF COSTS

On July 25, 2024, we entered final judgment in favor of the Plaintiff under FED. R. CIV. P. 68. *See* Final Judgment [ECF No. 28]. As part of that Final Judgment, we awarded the Plaintiff "costs pursuant to 29 U.S.C. § 216(b)[.]" *Id.* ¶ 1(c). Accordingly, our Plaintiff has filed an unopposed Motion for Bill of Costs (the "Motion") [ECF No. 29]. After careful review of the Motion, the record, and the applicable law, we now **GRANT** the Motion.

Pursuant to FED. R. CIV. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Eleventh Circuit has held that Rule 54 "creates a presumption in favor of awarding costs to the prevailing party[.]" *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). A prevailing party is "one who has succeeded on any significant claim affording it some of the relief sought." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

Under 28 U.S.C. § 1920, a district court may tax as costs the following:

    1) Fees of the Clerk and marshal;

    2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    3) Fees and disbursements for printing and witnesses;

    4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    5) Docket fees under section 1923 of this title;

    6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

    Our Plaintiff seeks repayment of the following expenses: $405.00 for the filing fee; and $277.20 for the costs associated with serving the summons and complaint on the three Defendants. *See* Motion at 1. The Plaintiff thus seeks a total of $682.20 for the costs she incurred in prosecuting this case.

    The $402.00 filing fee is clearly compensable under § 1920. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) ("Pursuant to § 1920(1), '[f]ees of the clerk and marshal' may be taxed as costs."). And, although the statute doesn't expressly provide for recovery of fees for service executed by a private party, the Eleventh Circuit has "h[eld] that private process server fees may be taxed pursuant to §§ 1920(1) and 1921." *Id.* at 624. To be taxable, the private process server fees must "not exceed the statutory fees authorized in § 1921." *Ibid.* The current Marshal's fee is $65.00 per hour. 28 C.F.R. § 0.114(a)(3). Here, the Plaintiff paid $45.00 per hour for service of each subpoena (plus a nominal printing fee of $1.80), *see* Exhibits to the Motion [ECF No. 29-1], which doesn't "exceed the statutory fees authorized in § 1921," *E.E.O.C.*, 213 F.3d at 624. The only problem, though, is that the Plaintiff has asked to be reimbursed for the *non-service* of Defendant Maria Gonzalez (in addition to the *effectuated service* of that Defendant). *See id.* at 1–2. This we will not do because the Plaintiff has not

"provide[d] evidence justifying the need for multiple service attempts." *Cadle v. Geico Gen. Ins. Co.*, 2015 WL 4352048, at *3 (M.D. Fla. July 14, 2015) (Kelly, Mag. J.). The Plaintiff, therefore, may recover $635.40 as taxable costs (instead of the requested $682.20).

\* \* \*

Accordingly, we hereby **ORDER AND ADJUDGE** that the Plaintiff's Motion for Bill of Costs [ECF No. 29] is **GRANTED in part**. The Plaintiff is awarded **$635.40 in taxable costs**, plus interest according to law from the date of Final Judgment until the entire amount is paid, for which sum let execution issue.

**DONE AND ORDERED** in the Southern District of Florida on August 6, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record