UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21463-ALTMAN/SANCHEZ

NEREYDA SUHEY CASTILLO MARENCO,

      Plaintiff,

vs.

J.C. PAINTING CONTRACTOR
LLC, MARIA GONZALEZ, AND
TOMAS GONZALEZ,

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS AS THE PREVAILING PARTY

Plaintiff, Nereyda Suhey Castillo Marenco, through undersigned counsel and pursuant to Fed. R. Civ. P. 55, 68, 69, 26 U.S.C. §7434, 29 U.S.C. §216(b), and other applicable Rules and laws, requests that the Court enter an Order determining that she is the prevailing party in this action and entitled to recover her attorney's fees from Defendants, Nereyda Suhey Castillo Marenco, based on the following good cause:

### *Factual and Procedural History*

1.    Plaintiff sued Defendants to recover the overtime wages she earned but was not paid during her employment, plus liquidated damages and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and for the greater of her actual damages or the statutory penalty of $5,000, plus her attorney's fees and costs, for committing tax fraud by willfully under-reporting her wages in the W-2 issued to her for 2023 under 26 U.S.C. §7434. [ECF No. 1.]

2.      Defendants responded to the Complaint with their Answer, wherein they denied liability to Plaintiff and asserted thirteen (13) different Affirmative Defenses [ECF No. 20].

3.      In compliance with the Order in Actions Brought Under the Fair Labor Standards Act [ECF No. 5], Plaintiff filed her Statement of Claim on April 26, 2024, to which Defendants filed their Response, maintaining that Plaintiff was exempt under the administrative, executive, or combination exemption. [ECF Nos.7, 19.]

4.      Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez, served an Offer of Judgment on Plaintiff on July 11, 2024, wherein they offered *inter alia*, to allow a judgment to be entered in Plaintiff's favor and against the Defendants, jointly and severally on Count I, in the total aggregate amount of $25,000.00, consisting of

> a.   $12,500.00 to Plaintiff as alleged unpaid overtime wages, to be made payable to Plaintiff, with all applicable taxes and withholdings deducted from the gross amount of the payment;
>
> b.   $12,500.00 to Plaintiff as alleged liquidated damages, to be made payable to Plaintiff, with no taxes or withholdings deducted from the gross amount of the payment; and
>
> c.   Entitlement to recover her attorney's fees and costs from Defendants, jointly and severally, as the prevailing party under 29 U.S.C. §216(b).

[ECF No. 26-1.]

5.      Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez, served an Offer of Judgment on Plaintiff on July 11, 2024, wherein they offered *inter alia*, to allow a judgment of $5,000.00 to be entered in Plaintiff's favor and against the Defendants on Count II,

and to be entitled to recover her attorneys' fees and costs from the Defendants, jointly and severally. [ECF No. 26-2.]

      6.    Plaintiff sent an email to defense counsel on July 15, 2024, and attached her Notices of acceptance of the Defendants' offers [ECF No. 26-3], to include:

      d.    A Notice of Acceptance of the Defendants' offer to allow a judgment for $25,000.00 to be entered against them, jointly and severally, on Count I (inclusive of $12,500.00 in compensatory overtime wage damages and $12,500.00 in liquidated damages), and for entitlement to recover her attorney's fees and costs from them pursuant to 29 U.S.C. §216(b) [ECF No. 26-4]; and

      e.    A Notice of Acceptance of the Defendants' offer to allow a judgment for $5,000.00 to be entered against them, jointly and severally, on Count II, and for entitlement to recover her attorney's fees and costs from them pursuant to 26 U.S.C. §7434 [ECF No. 26-5].

      7.    The Court entered a Final Judgment for Plaintiff on July 25, 2025, awarding her $30,000.00, allocating $25,000 for Count I (inclusive of $12,500 in unpaid overtime wages and $12,500 in liquidated damages) under the FLSA and $5,000 as statutory damages for Count II under 26 U.S.C. §7434, and determining Plaintiff the prevailing party and entitled to recover her attorney's fees and costs from the Defendants under the 29 U.S.C. 216(b) and 26 U.S.C. §7434. [ECF No. 28.]

      8.    The Court thereafter its Order Granting Motion for Bill of Costs, awarding Plaintiff $635.40 in taxable costs. [ECF No. 30.]

      9.    Plaintiff conferred with defense counsel, but the parties could not agree on the

amount of fees to be awarded to Plaintiff.

10.     Plaintiff's counsel's time records for this case, which reflect the time reasonably expended in the prosecution of this action, are attached as Exhibit "A" to this Motion.

WHEREFORE Plaintiff, Nereyda Suhey Castillo Marenco, requests the Court to enter a Final Judgment awarding her attorney's fees to be recovered from Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez, jointly and severally pursuant to 29 U.S.C. §216(b) and 26 U.S.C. §7424(b).

## MEMORANDUM OF LAW

The Court's entry of a Final Judgment for the Plaintiff based on the Notices of Acceptance filed in response to the Rule 68 Offers makes her the prevailing party in this case. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238 (11th Cir. 2002) (holding a Rule 68 judgment creates a "judicially sanctioned change in the relationship between the parties.") (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't. of Health and Human Res.*, 532 U.S. 598, 605 (2001)). Consequently, the Court found Plaintiff to be the prevailing party and entitled to recover her attorney's fees from Defendants under 29 U.S.C. §216(b) and 26 U.S.C. §7434. [ECF No. 28].

A.     **The Amount Of The Fee Award Is Independent Of The Wages Recovered.**

The purpose behind the attorney's fee provision of the FLSA is to encourage enforcement of the FLSA so employers obey it. The Court properly determines the fee award based on the recovery and not the discrepancy between a plaintiff's initial demand and the ultimate settlement amount. In *Rodriguez*, the plaintiffs initially claimed $11.5 million in overtime and then amended their demand to seek $12 million before ultimately settling for $400,000. *Rodriguez v. Molina Healthcare Inc.*, 806 Fed. Appx. 797 (11th Cir. 2020). After plaintiffs recovered approximately 3.3%

of the overtime wages previously demanded, the Eleventh Circuit Court of Appeal found that the District Court properly imposed a "modest reduction in the number of hours expended by Plaintiffs' counsel" in awarding the correct attorney's fees to plaintiff's counsel. *Id.* at 801. The defendant in *Rodriguez* argued that the discrepancy between the amounts demanded and the ultimate settlement amount should result in a reduction of the lodestar:

> Molina insists the district court abused its discretion in declining to further reduce the lodestar because, it contends, Plaintiffs' claims were based on frivolous demands (as reflected in Plaintiffs' Rule 26(a) disclosures and the sworn responses \*805 to Molina's interrogatories), Plaintiffs ultimately settled for an amount far below their initial demand, and the case was not complex and resulted in a nominal settlement amount.

*Rodriguez*, 806 Fed. Appx. at 804–05. The Court held that the District Court properly declined to adjust the lodestar based on the amount of the recovery and that the plaintiffs' success was properly based on their prevailing and not the amount recovered:

> **The district court further noted that the Plaintiffs' success should not be measured solely by the size of their recovery**. Rather, the district court considered it important and beneficial to the public that the FLSA was successfully enforced.
>
>> [E]ach time the FLSA is enforced, it provides an incentive for employers to obey rather than flout the statute. This was not monumental litigation, and the case was settled, producing no precedential impact. But [Molina's] effort to denigrate the willingness of these plaintiffs—and these attorneys—to pursue the litigation does not withstand analysis.
>
> We find this assessment of the Plaintiffs' relative success to be well-reasoned. While it is obviously true that Plaintiffs in the \*806 end agreed to a damages award far below the initial multi-million-dollar estimate, **it is not entirely fair to limit the assessment of Plaintiffs' success to the size of the fee award. Plaintiffs were successful in all of their claims, and, as the district court noted, there is inherent value in enforcing the FLSA**. *See Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178, 1180 (11th Cir. 1982) ("The FLSA ... was conceived with a public and a private purpose: it established a set of individual rights that would create a healthier environment for all workers."); *see also Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994) ("Courts should not place an undue emphasis on the amount of the plaintiff's recovery [in an FLSA case] because an award of attorney fees here encourages the vindication of congressionally identified policies and rights." (quotation marks omitted)). [*Emphasis added.*]

*Rodriguez*, 806 Fed. Appx. at 805–06. Herein, Plaintiff succeeded on both of her claims and recovered a judgment thereon. [ECF No. 28.]

Fee awards in FLSA also must be made without considering whether or the extent to which they exceed the wages recovered:

> **Neither the text nor the purpose of the FLSA, however, supports imposing a proportionality limit on recoverable attorneys' fees**. With respect to the statutory text, FLSA simply provides for a "reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). **Nothing in this clause or the surrounding text supports the conclusion that a "reasonable attorney's fee" must be a "proportional" fee**. *See, e.g.*, *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 294 (3d Cir. 2007) (explaining that "[n]othing in the text of [ERISA's similar fee-shifting provision] suggests that to be 'reasonable,' fees must be proportional"); *cf.* 42 U.S.C. § 1997e(d)(l)(B)(i) (expressly providing that a prisoner will not be awarded fees in an action brought pursuant to 42 U.S.C. § 1988 unless "the amount of the fee is proportionately related to the court ordered relief for the violation").
>
> **A proportionality rule would also be inconsistent with the remedial goals of the FLSA**, which we have deemed a "uniquely protective statute." *Cheeks*, 796 F.3d at 207. In 1938, Congress enacted the FLSA to guarantee workers "[a] fair day's pay for a fair day's work" and to guard against "the evil of 'overwork' as well as 'underpay.' " *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942) (quoting 81 Cong. Rec. 4983 (1937) (message of President Roosevelt)). **By implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress's goals by discouraging plaintiffs' attorneys from taking on "run of the mill" FLSA cases where the potential damages are low and the risk of protracted litigation high. Fee awards in wage and hour cases should "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel."** *Sand v. Greenberg*, No. 08-cv-7840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). In advancing Congress's goals under the FLSA to ensure a "fair day's pay for a fair day's work," the law cannot be read to impose a proportional limitation based on the perceived complexities of the litigation. *Missel*, 316 U.S. at 578, 62 S.Ct. 1216.
>
> While in some cases the proportion of fees may be relevant in considering the reasonableness of an award (for example, the multi-million dollar securities class action involving a common fund, often cited by the district courts in evaluating fee requests, *see Goldberger*, 209 F.3d at 50-51), **there is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect and practice, implement such a limit**. *See City of Riverside v. Rivera*, 477 U.S. 561, 578, 106 S.Ct. 2686, 91 L.Ed.2d 466

(1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."). Even if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award.

**In most FLSA cases, it does not make sense to limit fees to 33% of the total settlement. FLSA cases often involve ordinary, everyday workers who are paid hourly wages and favorable outcomes frequently result in limited recoveries**. Plaintiffs in wage and hour disputes, like Fisher (a professional chaperone, earning $10 an hour), earn modest salaries. *See Cheeks*, 796 F.3d at 207 (noting that FLSA cases tend to settle for less than $20,000 in total recovery and fees, and that employees will often "settle for between $500 and $2,000" in unpaid compensation (internal quotation marks and citation omitted)). **If plaintiffs' attorneys in these so-called "run of the mill" FLSA actions are limited to a proportional fee of their client's recovery (here, a maximum of $11,170), no rational attorney would take on these cases unless she were doing so essentially pro bono. Without fee-shifting provisions providing compensation for counsel, employees like Fisher would be left with little legal recourse**. [*Emphasis added*.]

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603–04 (2d Cir. 2020).

The Eleventh Circuit Court of Appeals explicitly rejected the concept that the attorney's fees to be awarded to a prevailing plaintiff must be proportional to the wages recovered under the FLSA:

Moreover, whatever intuitive appeal Lacura's **proportionality argument may have is undercut by *City of Riverside v. Rivera***, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), in which the Supreme Court rejected a proportionality argument for attorneys' fees awarded under 42 U.S.C. § 1988. *Rivera*'s reasoning is arguably even stronger in FLSA cases, where the FLSA's text renders attorneys' fees mandatory. *Compare* FLSA, 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)), *with* 42 U.S.C. § 1988(b) ("[T]he court, *in its discretion, may* allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." (emphasis added) ); *see also James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) ("**Fee awards … should not simply be proportionate to the results obtained by the Plaintiff**."); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (noting that **it is not uncommon for fee requests to exceed the judgment in FLSA cases**). [*Emphasis added*.]

*P&k Rest. Enter., LLC v. Jackson*, 758 Fed. Appx. 844, 851 (11th Cir. 2019). Therefore, attorney's fees awarded to successful FLSA plaintiffs must be made without considering the amount recovered by the employee.

> With regard to the amount of attorney's fees sought, it is well settled that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005). "Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may 'prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public ...' " *Id.* (quoting *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-229 (7th Cir. 1972) ).

*Morais v. Rhino Holdings One, Inc.*, 2017 WL 7794332, at *2 (S.D. Fla. June 2, 2017), *report and recommendation adopted*, 2017 WL 7794289 (S.D. Fla. June 6, 2017). Consequently, attorneys' fees in FLSA cases are not limited by the amounts identified in contingency fee agreements with their counsel. *See e.g.*, *Moore v. Appliance Direct, Inc.*, 2013 WL 12336220, at *6, Fn. 2 (M.D. Fla. Oct. 22, 2013); *Lawrence v. Berkley Group, Inc.*, 2013 WL 12239477, at *2 (S.D. Fla. Feb. 20, 2013) (Williams, J.) (" the fee award is not to be simply proportionate to the results, particularly in FLSA cases where attorneys' fees often exceed recovery but there is a public policy concern in ensuring representation for even small claims.") (*citing Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379 at *12 (S.D. Fla. 2011).)

Several cases within the Eleventh Circuit support the finding that attorneys' fees in FLSA cases are not limited by or connected to the recovery by a plaintiff who recovers money. *See Laney v. BBB Logistics, Inc.*, 844 Fed.Appx. 203, at *2 (11th Cir. Feb. 8, 2021) (awarding $120,877.70 in attorneys' fees and costs on a $26,000 settlement); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (awarding approximately $7,000 in fees on a $921.00 judgment); *Brown v. Lawn Enf't Agency, Inc.*, 369 F. Supp. 3d 1224, 1226 (N.D. Fla. 2019) (awarding

$49,696.88 in attorneys' fees on $84.14 in damages). Other decisions from the District Courts for the Southern, Middle, and Northern Districts of Florida not cited above have similarly found that the reasonableness of counsel's attorney's fees should not be analyzed against an FLSA plaintiff's recovery.

**B.**   **The Attorney's Fees Requested By Plaintiff's Counsel Are Reasonable.**

The analysis used to determine a reasonable attorney's fees is the same, regardless of whether the case is settled or adjudicated at trial. *Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259, 1267 (M.D. Fla. 2008) ("The Court finds no reasonable basis to distinguish between a plaintiff who prevails through settlement and one who prevails at trial.") As the Eleventh Circuit Court of Appeals discussed in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994):

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. *Id.* at 435-37; *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988).

Plaintiff addresses each of these elements will in order, below:

1.   *Plaintiff's counsel expended a reasonable number of hours.*

Counsel for a prevailing Plaintiff should be paid consistent with attorneys compensated by a fee-paying client for all time he/she reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit Court of Appeals explained that "hours reasonably expended" meant "billable hours", such as "…work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.*, 847 F.2d 738 (11th Cir. 1988). Counsel's sworn testimony is evidence that is to be given "considerable weight" of the time required and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.* During this case, Plaintiff's counsel exercised billing discretion

by not billing for every call, email, or interaction with opposing counsel or the Plaintiff, even though these interactions involved time that could have been billed. Nor did counsel bill for two people sitting in a strategy meeting and or unnecessarily duplicate efforts in achieving the results obtained.

       2.       *Plaintiff's counsel's hourly rate(s) for this type of litigation is reasonable.*

The initial estimate of a reasonable hourly attorney's fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman,* 836 F.2d at 1299) (citing *Blum v. Stenson,* 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards must be calculated based on prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced through direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins*, 847 F.2d at 737, n.1. The Court should also analyze the skills, efficiency, knowledge of the trial practice, knowledge of the substantive law, and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

The Plaintiff signed a contingency arrangement with her counsel for this case. This contingent arrangement provided FairLaw Firm with <u>no guarantee</u> of payment for the services rendered by the firm. The contingent fee agreement provided that all time spent by Mr. Pollock

and the other attorneys in his firm would be compensated at a rate of $550.00/hour. Herein, Plaintiff's counsel seeks rates less than those Plaintiff agreed to with her counsel.

The justification for the hourly rates for each timekeeper is explained in more detail in the following paragraphs:

   **a.**   ***Plaintiff's Lead Counsel - Brian H. Pollock, Esq.***

September 2024 will mark Mr. Pollock's 25th year of practicing law. From October 2005 to October 31, 2011, he served on The Florida Bar Unlicensed Practice of Law Committee 11A and was its Chairperson from May 2011 to October 31, 2011. Mr. Pollock most recently served as president of the Miami-Dade County Bar Association Labor & Employment Committee from 2022 to 2023.

Mr. Pollock seeks an awarded rate of $500/hour, which recognizes the efficiencies an attorney with his experience creates and with which he can accomplish or delegate tasks involved in litigating cases involving the FLSA and 26 U.S.C. §7434. Mr. Pollock has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 1999, and he has been admitted to the District Courts for the Middle and Northern Districts of Florida as well as the Eleventh Circuit Court of Appeals. Mr. Pollock has practiced civil litigation in the Florida state and federal courts since 1999, and he has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and in the State of Georgia. He is admitted to practice and routinely practices in the Middle District of Florida, the Northern District Court of Florida, and the Eleventh Circuit Court of Appeals. He has also been admitted to practice and has appeared in the United States Supreme Court. Mr.

Pollock also handles matters in arbitration, including with the American Arbitration Association and other arbitration managers.

Mr. Pollock has represented numerous employees in arbitrations, and the Florida state and federal, and trial and appellate courts in both individual, class, and collective actions involving unpaid wages, and he continues to do so. Mr. Pollock has tried numerous state and federal cases during his career, most involving unpaid wage claims. In 2023 alone, Mr. Pollock tried three cases to verdict in the Southern District of Florida. Each trial resulted in a verdict for his clients, the plaintiffs, with two trials involving claims for unpaid overtime wages under the FLSA and the other involving claims under the FMLA.

Mr. Pollock was appointed as lead counsel for collective actions assembled under the FLSA in this Court in *Peña vs. Handy Wash, Inc.*, S.D. Fla. Case No.: 14-20352-ALTONAGA, in *Caamano v. 7 Call Center Inc.*, S.D. Fla. No.: 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.*, S.D. Fla. Case No.: 15-CV-20642-KING, in *Freese v. Treecycle Land Clearing Inc.*, S.D. Fla. Case No.: 17-CV-81169-REINHART, and most recently in *Collado v. 450 North River Drive, LLC,* S.D. Fla. Case No.: 22-cv-23074-BLOOM. Mr. Pollock was appointed as class counsel in several Florida state court class actions involving unpaid wages, including in *Rojas Molina vs. Yankee Development Corp. d/b/a A Fish Called Avalon*, Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09), and in *Azor v. Direct Airlines Services, Inc.*, Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32).

Besides representing claimants in individual, collective, and multi-party wage lawsuits, Mr. Pollock and his firm regularly represent employers and other defendants in Florida state and federal courts, arbitration proceedings, and administrative investigations. Mr. Pollock's customary

rate paid by employers and defense clients before, during, and since the resolution of this case has been $500.00 per hour and secured by a retainer, usually comprised of non-refundable and refundable amounts.[1] This case, in contrast, provided FairLaw Firm with <u>no guarantee</u> of payment for the services rendered to Plaintiff based on the nature of the representation agreement with Plaintiff. Herein, Plaintiff signed a contingency agreement with FairLaw Firm, wherein she agreed that all time spent by Mr. Pollock and the other attorneys in his firm would be compensated at a rate of $550.00/hour, and the recovery of attorney's fees by FairLaw Firm contingent upon the outcome of the case.

The District Court for the Southern District of Florida recently approved Mr. Pollock's $500/hour rate when it approved the settlement in *Maracallo vs. Cusano Air Conditioning & Heating, Inc.*, S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37 on May 31, 2024 ("The Undersigned finds that Claimant's lead counsel's hourly rate of $500.00, for an attorney practicing law for approximately 25 years, to be reasonable.")[2] This Court previously approved Mr. Pollock's rate at $500/hour in *Palacio Cruz vs. Infante Security Protection, LLC*, 18-CV-21839-GAYLES on September 4, 2018, at ECF No. 17. Yesterday, Judge Williams entered an Order after scrutinizing another settlement agreement for fairness and determined that the appropriate rate to be awarded included $450/hour to Mr. Pollock. *Mendez v. Alpha & Omega Calibration Services, LLC*, S.D. Fla. Case

---

[1]	In February 2023, Mr. Shulby requested the undersigned to serve as his co-counsel for the Defendants in *Chavez v. Grill Enterprises, LLC and Ruben Sierra*, S.D. Fla. Case No.: 1-20-CV-22603-GOODMAN. The Defendants ultimately retained the undersigned as their co-counsel in May 2023, and paid Mr. Pollock's rate of $500/hour.

[2]	Magistrate Judge Goodman approved "…(2) Attorney P. Brooks LaRou, with an hourly rate of $325.00, practicing law for approximately two years; and (3) Paralegal Steffany Sanguino, with an hourly rate of $165.00, practicing as a paralegal for approximately ten years." *Id.*

No.: 1:24-CV-20543-WILLIAMS [at DE 40].[3] This Court previously determined that the appropriate rate for Mr. Pollock was $475/hour in *Comas v. Chris's Auto Sales Corp.*, S.D. Fla. 1:22-CV-20701-BLOOM, Aug. 31, 2022 [Nos. 37, 39].[4]

  **b.**  ***Patrick Brooks LaRou, Esq.***

   Mr. LaRou is an associate attorney at FairLaw Firm. Mr. LaRou graduated from Virginia Commonwealth University in 2017. Mr. LaRou graduated from St. Thomas University Benjamin L. Crump School of Law in May 2022, cum laude, with a concentration in Intercultural Human Rights. He served as staff editor for the St. Thomas University Benjamin L. Crump School of Law's Intercultural Human Rights Law Review. While at St. Thomas, Mr. LaRou was recognized for his dedication to public service, receiving a pro bono commendation for his volunteer work as a legislative assistant to the Miami-Dade Board of County Commissioners, during which he devoted over 200 pro bono hours to serving the County.

   September 2024 will mark Mr. LaRou's 2-year anniversary as an attorney. Besides being licensed to practice law in Florida, Mr. LaRou has been admitted and routinely practices in the District Courts for the Southern and Middle Districts of Florida. Mr. LaRou has mainly practiced labor and employment law as an attorney, most often representing employees in employment disputes while occasionally representing employers in employment disputes. Mr. LaRou has significant experience representing individuals to recover unpaid wages in the Florida state and federal courts. Mr. LaRou is an effective and efficient attorney with trial experience. Mr. LaRou recently obtained a verdict for the plaintiff in *Sierra vs. Rhino Containers, LLC*, S.D. Fla. Case No.

---

[3]  The Court determined the appropriate rate for associate attorney, Patrick Brooks LaRou was $275/hour, with the appropriate rate for the firm's paralegal, Steffany Sanguino, $150/hour. *Id.*

[4]  The Court further determined the appropriate paralegal rate was $150/hour. *Id.*

1:22-CIV-21732-SCOLA, for unpaid wages under owed under the FLSA. Considering the foregoing, the appropriate rate for Mr. LaRou's experience is $325.00 per hour. (*See Maracallo vs. Cusano Air Conditioning & Heating, Inc.*, S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37 on May 31, 2024.)

### c.      *Steffany Sanguino - Paralegal*

Ms. Sanguino is a paralegal at FairLaw Firm. She earned a Paralegal Certificate from Ashworth College. Ms. Sanguino earned an Associate of Art's Degree from Miami-Dade College in Business and a Bachelor of Applied Science, Supervision, and Management Degree from Miami-Dade College, with a concentration in Human Resource Management. Ms. Sanguino is bilingual (English and Spanish) and has worked as a litigation paralegal in Florida since January 2016. As demonstrated in the billing records, Ms. Sanguino handled numerous tasks that are often performed by attorneys in other firms, but which she readily accomplished. The rate charged and paid by hourly clients of the firm for the work performed by Ms. Sanguino is $165 per hour. (*See Maracallo vs. Cusano Air Conditioning & Heating, Inc.*, S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37 on May 31, 2024.)

In light of the foregoing, the requested rates for Mr. Pollock, Mr. LaRou, and Ms. Sanguino are demonstrably reasonable.

### 3.      *Lodestar Adjustment*

Plaintiff does not request that the Court adjust the lodestar in this case but to award counsel a reasonable attorneys' fee at the rate requested. *See Rodriguez*, 806 Fed. Appx. at 804–06. The time Plaintiff's counsel expended pursuing this case for Plaintiff necessarily precluded the performance of work on other cases – including defense cases on which FairLaw Firm would be paid its $500,

$323, and $165 hourly rates, drawn against a retainer to secure payment. Since this case involved a realistic risk of little or no recovery and resulted in the preclusion of other work by Mr. Pollock and his office, the requested hourly rates should <u>not</u> be adjusted below $500/hour for Mr. Pollock, and $325/hour for Mr. LaRou, or $165/hour for Ms. Sanguino, nor in relation or proportion to the wages obtained. *See Laney*, 844 Fed.Appx. 203, at *2; and *P&k Rest. Enter., LLC*, 758 Fed. Appx. at 851.

        4.     <u>*Total fee award.*</u>

By this Motion, and pursuant to 29 U.S.C. §216(b) and 26 U.S.C. §7434 [ECF No. 28], Plaintiff seeks a total fee award as the prevailing party of <u>$22,134.15</u>:

| | | |
|---|---|---|
| Brian H. Pollock, Esq. | $500.00/hour x <u>18.3</u> hours = | $ 9,150.00 |
| P. Brooks LaRou, Esq. | $325.00/hour x <u>31.3</u> hours = | $10,347.00 |
| Steffany Sanguino, Paralegal | $165.00/hour x <u>19.1</u> hour = | $ 3,136.65 |

(Exhibit "A".) Given the foregoing, Plaintiff's counsel's fees are more than reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff, Nereyda Suhey Castillo Marenco, respectfully requests the Court to award $22,134.15 in attorney's fees against Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez, jointly and severally, as the prevailing party in this case pursuant to 29 U.S.C. §216(b) and 26 U.S.C. §7434.

## **VERIFICATION**

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

FAIRLAW FIRM

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that defense counsel did not agree to fees sought herein.

Dated this 14th day of August 2024.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*