UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23580

MANUEL CHAVES,

    Plaintiff,

vs.

BASILICO RISTORANTE AT DORAL, INC.,
RODRIGO R. GONZALEZ, AND
CARLOS LOYA,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Manuel Chaves, sues Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Manuel Chaves**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Basilico Ristorante at Doral, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit restaurant business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Rodrigo R. Gonzalez,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

1

4. **Defendant, Carlos Loya,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He also ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

7. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Manuel Chaves, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

9. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

10. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs,

2

produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.

11. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

12. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

13. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

14. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

15. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

16. Plaintiff was a non-exempt employee of Defendants.

17. Plaintiff consents to participate in this lawsuit.

18. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate

3

commerce.

19. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to his sale of same.

20. Plaintiff worked for Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, from about July of 2011 to September 8, 2022.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

22. Defendants paid Plaintiff a rate of $15/shift, plus tips, for most of the time he worked for them.

23. For approximately the last year of his employment, Defendants paid Plaintiff at a rate of $25/shift, plus tips.

24. Defendants paid a portion of the wages earned by Plaintiff through a payroll check and paid other wages to him in a separate check for which he did not receive a W-2 or 1099.

25. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

26. Defendants failed and refused to pay Plaintiff at least the applicable minimum wage for all hours worked during the three years prior to the filing of this Complaint.

27. Defendants willfully and intentionally refused to pay Plaintiff at least the applicable minimum wage during the relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least the applicable minimum wage for the hours he worked during the relevant time period

4

violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him at least a minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay he earned.

29. Plaintiff is entitled to a backpay award of for remainder of the minimum wage owed to him for each of the hours worked during the relevant time period, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Manuel Chaves, demands the entry of a judgment in his favor and against Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the minimum provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Manuel Chaves, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

30. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

31. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of the applicable Florida minimum wage all of the hours worked beyond 40 hours in a given workweek during the three years prior to the filing of this Complaint.

32. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

33. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

34. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Manuel Chaves, demands the entry of a judgment in his favor and against Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, jointly and severally after trial by jury, and as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

      h.      That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

      i.      That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

      j.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

      k.      That Plaintiff recover all interest allowed by law;

      l.      That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

      m.      That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

      n.      Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION(S) OF 26 U.S.C. §7434 (2017)

Plaintiff, Manuel Chaves, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

35.    Plaintiff performed worked for Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, during calendar year 2017.

36.    Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, each had an obligation to provide correct information returns to the IRS and to the Plaintiff for each year that he worked for Defendants.

7

37. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year which he performed work for them, and the filing of correct information returns on own behalf of the corporate Defendant for each calendar year he worked for Defendants.

38. During calendar year 2017, Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff part of his wages by payroll check and also paid him with other checks from which Defendants did not deduct any taxes and/or in cash, and for which they made no contributions to social security for him and which amounts they did not report to the IRS.

39. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, did not include the amounts that they paid to Plaintiff in the separate checks and/or in cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2's that Defendants issued to Plaintiff for calendar year 2017.

40. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2017 by underreporting the amount they paid to Plaintiff in calendar year 2017.

41. Plaintiff suffered damages as a result of Defendants' willful provision of false a false/fraudulent information returns in 2017 caused by Defendants' intentional and willful acts as described above by not receiving Defendants' contributions to his social security and by suffering other damages.

8

42. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Manuel Chaves, demands the entry of a judgment in his favor and against Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2017 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

### COUNT IV – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2018

Plaintiff, Manuel Chaves, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

9

43. Plaintiff performed worked for Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, during calendar year 2018.

44. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

45. During calendar year 2018, Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff part of his wages by payroll check and also paid him with other checks from which Defendants did not deduct any taxes and/or in cash, and for which they made no contributions to social security for him and which amounts they did not report to the IRS.

46. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, did not include the amounts that they paid to Plaintiff in the separate checks and/or in cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2's that Defendants issued to Plaintiff for calendar year 2018.

47. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2018 by underreporting the amount they paid to Plaintiff in calendar year 2018.

48. Plaintiff suffered damages as a result of Defendants' willful provision of false a false/fraudulent information returns in 2018 caused by Defendants' intentional and willful acts as described above by not receiving Defendants' contributions to his social security and by suffering other damages.

49. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

   (a) In general

10

If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

    (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

    (2) the costs of the action, and

    (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Manuel Chaves, demands the entry of a judgment in her favor and against Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, jointly and severally after trial by jury and as follows:

    a.    That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2018 as set forth above;

    b.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    c.    That Plaintiff recover all interest allowed by law; and

    d.    Such other and further relief as the Court deems just and proper.

### COUNT V – VIOLATION(S) OF 26 U.S.C. §7434 (2019)

Plaintiff, Manuel Chaves, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

50. Plaintiff performed worked for Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, during calendar year 2019.

51. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, each had an obligation to provide correct information returns to the IRS and to the Plaintiff for each year that he worked for Defendants.

52. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year which he performed work for them, and the filing of correct information returns on own behalf of the corporate Defendant for each calendar year he worked for Defendants.

53. During calendar year 2019, Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff part of his wages by payroll check and also paid him with other checks from which Defendants did not deduct any taxes and/or in cash, and for which they made no contributions to social security for him and which amounts they did not report to the IRS.

54. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, did not include the amounts that they paid to Plaintiff in the separate checks and/or in cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2's that Defendants issued to Plaintiff for calendar year 2019.

55. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2019 by underreporting the amount they paid to Plaintiff in calendar year 2019.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

56. Plaintiff suffered damages as a result of Defendants' willful provision of false a false/fraudulent information returns in 2019 caused by Defendants' intentional and willful acts as described above by not receiving Defendants' contributions to his social security and by suffering other damages.

57. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Manuel Chaves, demands the entry of a judgment in his favor and against Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2019 as set forth above;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

13

## COUNT VI – VIOLATION(S) OF 26 U.S.C. §7434 (2020)

Plaintiff, Manuel Chaves, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

58. Plaintiff performed worked for Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, during calendar year 2020.

59. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, each had an obligation to provide correct information returns to the IRS and to the Plaintiff for each year that he worked for Defendants.

60. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year which he performed work for them, and the filing of correct information returns on own behalf of the corporate Defendant for each calendar year he worked for Defendants.

61. During calendar year 2020, Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff part of his wages by payroll check and also paid him with other checks from which Defendants did not deduct any taxes and/or in cash, and for which they made no contributions to social security for him and which amounts they did not report to the IRS.

62. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, did not include the amounts that they paid to Plaintiff in the separate checks and/or in cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2's that Defendants issued to Plaintiff for calendar year 2020.

14

63. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2020 by underreporting the amount they paid to Plaintiff in calendar year 2020.

64. Plaintiff suffered damages as a result of Defendants' willful provision of false a false/fraudulent information returns in 2020 caused by Defendants' intentional and willful acts as described above by not receiving Defendants' contributions to his social security and by suffering other damages.

65. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
>> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>>
>> (2) the costs of the action, and
>>
>> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Manuel Chaves, demands the entry of a judgment in his favor and against Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2020 as set forth above;

15

      b.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

      c.      That Plaintiff recover all interest allowed by law; and

      d.      Such other and further relief as the Court deems just and proper.

### COUNT VII – VIOLATION(S) OF 26 U.S.C. §7434 (2021)

Plaintiff, Manuel Chaves, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

66. Plaintiff performed worked for Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, during calendar year 2021.

67. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, each had an obligation to provide correct information returns to the IRS and to the Plaintiff for each year that he worked for Defendants.

68. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year which he performed work for them, and the filing of correct information returns on own behalf of the corporate Defendant for each calendar year he worked for Defendants.

69. During calendar year 2021, Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, paid Plaintiff part of his wages by payroll check and also paid him with other checks from which Defendants did not deduct any taxes and/or in cash, and for which they made no contributions to social security for him and which amounts they did not report to the IRS.

16

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

70. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, did not include the amounts that they paid to Plaintiff in the separate checks and/or in cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2's that Defendants issued to Plaintiff for calendar year 2021.

71. Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2021 by underreporting the amount they paid to Plaintiff in calendar year 2021.

72. Plaintiff suffered damages as a result of Defendants' willful provision of false a false/fraudulent information returns in 2021 caused by Defendants' intentional and willful acts as described above by not receiving Defendants' contributions to his social security and by suffering other damages.

73. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Manuel Chaves, demands the entry of a judgment in his favor and

17

against Defendants, Basilico Ristorante at Doral, Inc., Rodrigo R. Gonzalez, and Carlos Loya, jointly and severally after trial by jury and as follows:

      a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2021 as set forth above;

      b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

      c. That Plaintiff recover all interest allowed by law; and

      d. Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Manuel Chaves, demands a trial by jury of all issues so triable.

Respectfully submitted this 2nd day of November 2022,

                                            s/Brian H. Pollock, Esq.
                                            Brian H. Pollock, Esq.
                                            Fla. Bar No. 174742
                                            brian@fairlawattorney.com
                                            FAIRLAW FIRM
                                            135 San Lorenzo Avenue
                                            Suite 770
                                            Coral Gables, FL 33146
                                            Tel:   305.230.4884
                                            *Counsel for Plaintiff*

18

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com