UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21463-ALTMAN/SANCHEZ

NEREYDA SUHEY CASTILLO MARENCO,

    Plaintiff,

vs.

J.C. PAINTING CONTRACTOR LLC, MARIA GONZALEZ, AND TOMAS GONZALEZ,

    Defendants.
_____/

## REPLY SUPPORTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS AS THE PREVAILING PARTY

### I. INTRODUCTION

In an effort by Defendants to minimize their damages expended in correcting their (alleged) violations of the FLSA and 26 U.S.C. §7434, Defendants implore the Court in their Response to Plaintiff's Motion for Attorneys' Fees [ECF No. 38] to apply an across-the-board cut of 50% to the attorneys' fees sought by Plaintiff's counsel. *See* ECF No. 38 at 6. However, because the fees sought in this action are reasonable, necessary, and largely non-duplicative, an across-the-board reduction of attorneys' fees is inappropriate in this case. Instead, as argued in more detail below, the Court should take an hour-by-hour approach in determining Plaintiff's entitlement to attorneys' fees. Additionally, contrary to Defendants' assertion the Plaintiff has failed to comply with the Court's pre-filing conferral requirement under Local Rule 7.3, Plaintiff substantially complied with the Rule by providing Defendants with her billing records and engaging in good faith negotiations in

an attempt to resolve the issues raised in Plaintiff's Motion for Attorneys' Fees. Accordingly, the Court properly grants Plaintiff's award of attorneys' fees sought in the Motion.

## II. ARGUMENT

a. **Local Rule 7.3**

Defendants first urge the Court's denial of Plaintiff's request for attorneys' fees on the basis that she has not strictly complied with Local Rule 7.3 by: (i) serving a draft motion; or (ii) attaching a copy of her fee agreement. The undersigned concedes that Plaintiff's counsel inadvertently omitted to serve Defendants with a draft copy of the Motion for Attorneys' Fees during the course of the parties' continued conferrals regarding the attorneys' fees sought. However, Plaintiff has substantially complied with Local Rule 7.3 by conferring with Defendants' counsel, Todd Shulby ("Mr. Shulby"), regarding the amount of fees sought and providing him with an itemized billing record thereof. Accordingly, to disallow Plaintiff recovery of her attorneys' fees on this basis "would be too harsh, especially where Plaintiff and [her] counsel have owned up to the mistake." *Jackson v. Waste Pro of Fla., Inc.*, No. 0:22-cv-60330-Ruiz/Strauss, 2022 U.S. Dist. LEXIS 165045, at *14-15 (S.D. Fla. Sep. 13, 2022).

Plaintiff filed her Notice of Filing Acceptances of Offers of Judgment on July 23, 2024 [ECF No. 26], wherein she agreed to accept $25,000 in satisfaction of her FLSA claim, $5,000 in satisfaction of her claim under 26 U.S.C. §7434, plus "attorney's fees and costs ... in an amount to be negotiated by the Parties or, if they cannot reach an agreement thereon, to be determined by the Court." ECF Nos. 26-4, 26-5. That same day, Plaintiff's counsel emailed Mr. Shulby the firm's billing entries for this case, showing that it had incurred $22,642.65 in attorneys' fees and $682.20

in costs. These records [ECF No. 38-1] contain an itemized breakdown of billing entries by timekeeper with detailed descriptions, reflecting the hourly rate sought by each.

On July 25, 2024, the Court entered its Final Judgment in favor of Plaintiff, entitling her to the parties' agreed-upon relief. *See* ECF No. 28. Following the Court's entry of this judgment, the parties' respective counsel continued to engage in negotiations regarding the amount of attorneys' fees requested by Plaintiff between July 25 and August 20, 2024. Plaintiff's counsel offered to accept a reduced amount of attorneys' fees, to which Defendants provided a counteroffer. However, Defendants did not object to the reasonableness of any particular billing entries despite their possession of Plaintiff's counsel's billing records. Instead, Defendants simply offered to pay $13,000 in attorneys' fees--nearly $10,000 less than the amount reflected in Plaintiff's counsel's billing records. Recognizing the futility of these negotiations--which the parties had engaged in since before their July 9, 2024 settlement conference--Plaintiff filed her Motion for Attorneys' Fees on August 14, 2024 [ECF No. 38]. On August 20, 2024, Mr. Shulby again emailed the undersigned regarding the possibility of settlement as to attorneys' fees, and again failed to raise objections to any specific billing entries. Instead of engaging in good-faith settlement discussions as to the reasonableness of the fees sought, Defendants filed their 20-page Response to Plaintiff's Motion for Attorneys' Fees [ECF No.41].

Given that Plaintiff provided Defendants with her counsel's billing records showing the hourly rate sought by each timekeeper and a detailed description of each entry, and that she engaged in prolonged negotiations as to the amount of attorneys' fees sought prior to filing her Motion for Attorneys' Fees, she has substantially complied with Local Rule 7.3. Moreover, "the failure to provide the draft Motion did not in any way frustrate the purpose of the Rule, which is

to ensure that the parties have a meaningful opportunity to resolve their attorneys' fees disputes before incurring further time and expense in litigating the issue." *Gutierrez v. El Toro Loco Churrascaria 8st LLC*, No. 1:21-cv-22062-JLK/Becerra, 2022 U.S. Dist. LEXIS 142738, at *8 (S.D. Fla. Aug. 9, 2022). "Thus, under these circumstances, Plaintiffs' failure to provide a complete copy of the Motion to Defendants did not inhibit meaningful conferral, and should not bar Plaintiff from recovery of attorneys' fees." *Id.* at *7-8.

Defendants also argue that Plaintiff violated Local Rule 7.3 by failing to attach a copy of her counsel's fee agreement to the Motion for Attorneys' Fees. *See* ECF No. 41 at 2. However, the Court has recently rejected this argument, holding that "Local Rule 7.3(a) does not require attaching the fee agreement." *Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 0:22-cv-62138-Dimitrouleas/Augustin-Birch, 2024 U.S. Dist. LEXIS 43715, at *12-13 (S.D. Fla. Mar. 11, 2024). Just as in the instant case, the Court held that "Plaintiff complied with the Rule by disclosing in the Motion for Attorney's Fees" the applicable terms of the agreement by disclosing the hourly rate of her attorney. *Id.* at 13. Accordingly, "[t]he Court recommends that the Motion for Attorney's Fees not be denied for failure to comply with Local Rule 7.3(a), (b)." *Id.* Plaintiff has, therefore, substantially complied with the spirit of Local Rule 7.3 by serving Defendants with her billing records, thereby providing a detailed and itemized breakdown of each time entry.

b. **Excessive Hours**

As correctly noted by Defendants, "courts and counsel must generally trust an attorney's account of the time spent so long as it is reasonable." ECF No. 41 at 3. Nonetheless, Defendants maintain that the undersigned firm has billed excessively during the course of this litigation, and improperly requests an across-the-board cut of 50% to the attorneys' fees sought by Plaintiff's

counsel. Plaintiff maintains that her counsel's billing entries are reasonable in duration, and accurately reflect the work performed in this case. However, if the Court were to find that any of Plaintiff's counsel's billing entries are either excessive or duplicative, reductions to these entries must be made by an hour-by-hour analysis rather than an across-the-board cut.

In considering a prevailing party's application for attorneys' fees, "it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "If a fee applicant fails to exercise required billing judgment, a court is obligated to '[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary.'" *Moragomez v. Seasin's LLC*, No. 20-cv-22390-Scola/Torres, 2020 U.S. Dist. LEXIS 203743, at *16 (S.D. Fla. Oct. 30, 2020) (quoting *Id.*). The Eleventh Circuit Court of Appeals has delineated the following process for district courts in making such reductions:

> Ordinarily, "when hours are disallowed the court should identify the [specific] hours disallowed and explain why they are disallowed." *Loranger*, 10 F.3d at 783. But where a fee application is voluminous and "a district court finds [that] the number of hours claimed is unreasonably high, the court has two choices: [(1)] it may conduct an hour-by-hour analysis or [(2)] it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783). When the district court chooses the latter, it must "concisely but clearly articulate [its] reasons for selecting specific percentage reductions" such that there can be "meaningful review." *Loranger*, 10 F.3d at 783.

*Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083 (11th Cir. 2022).

This Court has found that where fee documentation is not so voluminous as to render an hour-by-hour review impractical, "an hour-by-hour approach is preferable[.]" *Moragomez*, 2020 U.S. Dist. LEXIS 203743, at *17.

In *Caplan*, the district court found that an across-the-board reduction was appropriate where the fee application was voluminous and "around two-thirds of the hours within a bill ... were excessively billed and/or were unnecessary for resolving the case." *Id.* at 1094-95. Here, Plaintiff obtained a Final Judgment in her favor approximately three months after filing her Complaint. Her counsel's fee application, therefore, cannot be deemed voluminous. Additionally, Defendants have offered an itemized breakdown of only certain billing entries to which they object, rather than challenging *all* of Plaintiff's counsel's entries as excessive. Given the relative brevity of this litigation and that only certain billing entries are at issue, the Court must take an hour-by-hour approach in pruning any fees it deems excessive or duplicative.

### c. Block Billing

In an effort to shave down the attorneys' fees appropriately billed and sought by Plaintiff's counsel, Defendants encourage block billing--a practice that is disfavored within the Eleventh Circuit. *See* ECF No. 41 at 7. "Records which 'lump together all the tasks performed by an attorney on a given day without breaking out the time spent on each task' at least 'makes it difficult, if not impossible,' for a court 'to calculate with any precision the number of hours an attorney devoted to a particular task.'" *Machado v. Da Vittorio, LLC*, No. 09-cv-23069-Altonaga/Brown 2010 U.S. Dist. LEXIS 84047, at *8 (S.D. Fla. Jul. 26, 2010) (quoting *ACLU of Ga.*, 168 F.3d at 429). Defendants' suggestion that the undersigned should have conflated five successive time entries for review of separate and unrelated documents is untenable and lacks merit.

Contrary to Defendants' assertion, this Court has found that block billing entries "prevent the Court from accurately evaluating the reasonableness of the requested fees." *Machado*, 2010 U.S. Dist. LEXIS at *11. Here, Defendants insist that the undersigned should have billed one single

time entry for reviewing Mr. Shulby's notice of appearance, Defendants' certificate of interested persons, Defendants' notice of related actions, Defendants' motion for extension, and the Court's order granting Defendant's motion. Aside from the latter two entries, each of these documents are completely unrelated to one another. Consolidating these five tasks into a single billing entry would only serve to obscure, rather than clarify the record. *See id.* at *10 ("The entries contain tasks that are not sufficiently intertwined so that their combination in one entry clarifies, rather than obscures, the record.") In fact, such obfuscation would actually justify the Court's reduction of fees. *See id.* at *11-12 ("Since the provided records are inadequate 'to calculate with any precision the number of hours an attorney devoted to a particular task,' *Barnes*, 168 F.3d at 429, but the tasks are all compensable, the most equitable result is to award half of the fees associated with this group of entries.") Accordingly, the Court properly finds that no reductions should be made to the billing entries Defendant contends should be "block billed."

### d. Travel Time

Defendants next argue that the time Plaintiff's counsel billed for travel is excessive, noting that the undersigned billed 4.5 hours for travel to/from and attendance at the parties' Settlement Conference on July 9, 2024, while the Court's Minute entries state the parties time in Court was 3 hours. *See* ECF No. 41 at 9. In addition to travelling to and from the Settlement Conference, and attending the Settlement Conference, the undersigned also spent time meeting and conferring with the Plaintiff before and after the conference. Admittedly, this detail is not mentioned in the undersigned's billing description. The undersigned's office is located in Coral Gables, approximately a thirty-minute drive from the courthouse during daytime traffic. This does not include time spent parking or walking to/from the courthouse. In total, 4.5 hours for travel to and

from, and attendance at, the Settlement Conference is reasonable: 1 hour to drive, park, and walk to/from the courthouse; 3 hours in court; and 30 minutes to confer with the Plaintiff before and after the Settlement Conference.

Similarly to this case, the Court has ruled that "1.5 hours billed for Plaintiff's counsel to travel to and from the federal courthouse" was appropriate and compensable. *See Santiago v. Peacock's 17, LLC*, No. 0:22-cv-62272-Dimitrouleas/Augustin-Birch, 2024 U.S. Dist. LEXIS 25930, at *14 (S.D. Fla. Jan. 29, 2024). "Courts generally permit the recovery of attorney's fees for reasonable travel time." *Id.* The Court further noted that "[t]he presence of Plaintiff's counsel was required" at the events they billed for travelling to/from, and that "[h]aving considered the distance Plaintiff's counsel traveled for the two trips, the need to navigate through traffic, and the time required for parking, the Court finds 1.5 hours for each of the round trips to be reasonable." *Id.* Accordingly, this Court properly finds that Plaintiff's counsel should be awarded 4.5 hours for his time spent attending, travelling to/from, and meeting with his client before/after the Settlement Conference.

### e. Degree of Success Obtained

Next, Defendants argue that Plaintiff's attorneys' fees should be reduced due to an alleged lack of "success" on her claims. ECF No. 41 at 10-16. As recognized by the Eleventh Circuit Court of Appeals, "[a] plaintiff is a prevailing party entitled to attorneys' fees when he receives a judgment on the merits or a consent decree." *Laney v. BBB Logistics, Inc.*, 844 Fed. Appx. 203, 207 (11th Cir. 2021). Here, Plaintiff has obtained a final judgment in her favor as to each claim asserted in the Complaint. *See* ECF No. 28. Additionally, in determining whether an FLSA plaintiff was "successful" on the merits of their claim, the Eleventh Circuit recognized that the plaintiff was the

prevailing party given that, "[a]lthough less than Laney's initial settlement demand, the ultimate settlement amount is more than a mere nuisance value settlement." *Id.*

More recently than each FLSA case cited to by Defendant in support of this contention, this Court has recognized that an FLSA plaintiff's recovery of approximately one-third of their Statement of Claim estimate did not justify an across-the-board reduction of the plaintiff's attorneys' fees. *See Jackson*, 2022 U.S. Dist. LEXIS 165045 at *13. The Court noted that "this is not an insignificant recovery, and it is one that occurred by way of a voluntarily [sic] settlement in the early stages of the case, with the added benefit of preventing further attorneys' fees from being incurred." *Id.* Additionally, as stated in her initial estimate of damages, the "Statement of Claim is not to be construed as a demand, nor as an exact quantification of Plaintiff's damages, but merely as a case management tool required by the Court." ECF No. 7 at 1 (citing *Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014)).

As in most FLSA cases, Plaintiff's initial estimate of damages was calculated before she had obtained the time and pay records in Defendants' possession. *See id.* at ¶ 1. After retrieving and reviewing these documents, Plaintiff recalculated her damages and accepted a compromised, reasonable settlement according thereto. Where, as here, it is the Defendants' responsibility under the FLSA to maintain her accurate time and records (*see* 29 C.F.R. § 516.1), it would be inequitable for Plaintiff or her counsel to be penalized for not calculating her initial estimate with exact precision. Accordingly, because Plaintiff was the prevailing party in this action--receiving a Final Judgment in her favor, and recovering a reasonable amount in light of the time and pay records produced by Defendant--a reduction of her attorney's fees is inappropriate.

### f. Post-OJ Billing

Defendants contend that Plaintiff is precluded from recovering attorneys' fees after she was served with Defendants' Offer of Judgment on July 11, 2024. As stated in Defendants' Response, the relevant conditions of the Offers of Judgment originally served by Defendants "are that Defendants pay to Plaintiff: .... one payment to Plaintiff/Plaintiff's counsel as reasonable attorneys' fees and costs .... in an amount negotiated by the Parties and/or determined by the Court **through the date of this Offer of Judgment**." ECF No. 41 at 19 (emphasis in original). However, in Plaintiff's Notices of Acceptance [ECF Nos. 26-4, 26-5], Plaintiff did not specifically acquiesce to the boldened term in the preceding sentence. Rather, she agreed "to accept the Defendants' offer that she be determined the prevailing party on [Counts I and II] and entitled to recover her attorneys' fees and costs from them, jointly and severally, ... in an amount to be negotiated by the Parties or, if they cannot reach an agreement thereon, to be determined by the Court."

Accordingly, given that Plaintiff's Notices of Acceptance make no mention of Defendants' proposed term that Plaintiff should be awarded fees and costs "through the date of this Offer of Judgment"--but rather, indicate that Plaintiff is entitled to attorneys' fees under the FLSA and 26 U.S.C. §7434 as determined by the Court--Plaintiff's "Notice of Acceptance" should be viewed as a counteroffer to Defendants' Offer of Judgment. Defendants then accepted Plaintiff's counteroffer through performance by tendering payment of $30,000 representing Plaintiff's damages under the FLSA and 26 U.S.C. §7434, and $635.40 for all costs incurred. *See* ECF Nos. 36-37.

It is well established within the Eleventh Circuit that a plaintiff is entitled to recover their attorneys' fees incurred in pursuit of establishing the amount of his attorneys' fees, also known as "fees on fees." "Like other courts, we have allowed parties to recover the cost of establishing their

right to, and the amount of attorney's fees--the right to fees-on-fees." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010). "Thus, Defendant's arguments notwithstanding, 'fees on fees' are recoverable in FLSA cases." *Williams v. Janice M. Riley, Inc.*, No. 19-cv-62004-Smith/Valle, 2021 U.S. Dist. LEXIS 149384, at *10 (S.D. Fla. Aug. 5, 2021). Therefore, Plaintiff requests that the Court award her all attorneys' fees sought before and after Defendants' service of their Offers of Judgment, including an award of fees in connection with preparing the instant Reply.

### III. CONCLUSION

Wherefore, Plaintiff requests that the Court award her $22,134.15 in attorneys' fees against Defendants, J.C. Painting Contractor LLC, Maria Gonzalez, and Tomas Gonzalez, jointly and severally, as the prevailing party in this case pursuant to 29 U.S.C. §216(b) and 26 U.S.C. §7434.

Respectfully submitted this 9th day of September 2024.

> s/ Patrick Brooks LaRou
> Brian H. Pollock, Esq.
> Florida Bar No. 174742
> brian@fairlawattorney.com
> Patrick Brooks LaRou
> Florida Bar No. 1039018
> brooks@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue, Suite 770
> Coral Gables, Florida 33146
> Telephone: (305) 230-4884
> *Counsel for Plaintiff*