UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-21463-Civ-Altman/Sanchez

NEREYDA SUHEY CASTILLO MORENCO,

    Plaintiff,

v.

J.C. PAINTING CONTRACTOR LLC, MARIA GONZALEZ, AND TOMAS GONZALEZ,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON THE PLAINTIFF'S**
**MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS AS THE PREVAILING PARTY**

This matter is before the Court on the Plaintiff's Motion for an Award of Attorney's Fees and Costs as the Prevailing Party, ECF No. 38.[1]

The Plaintiff commenced this action with a complaint seeking unpaid overtime wages and liquidated damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I), and damages pursuant to 26 U.S.C. § 7434 for the Defendants' alleged filing of fraudulent information returns (Count II). ECF No. 1. On July 11, 2024, the Defendants served two offers of judgment (collectively, the "Offer of Judgment") on the Plaintiff to resolve each of the two counts of the complaint. ECF No. 26-1 (offer of judgment for Count I); ECF No. 26-2 (offer of judgment for Count II); *see* ECF No. 26 (Notice of Filing Acceptances of Offers of Judgment Pursuant to Fed. R. Civ. P. 68). In addition to resolving the Plaintiff's claims, the Defendants' Offer of Judgment provided for "reasonable attorney's fees and costs . . . in an amount negotiated by the Parties and/or determined by the Court through the date of [the] Offer of

---

[1] The Honorable Roy K. Altman, United States District Judge, referred the Plaintiff's motion to the undersigned for a report and recommendation. ECF No. 40.

Judgment." ECF Nos. 26-1, 26-2. The Plaintiff accepted the Defendants' Offer of Judgment on July 16, 2024. *See* ECF No. 26-4 (Plaintiff's Notice of Acceptance of Offer of Judgment for Count I); ECF No. 26-5 (Plaintiff's Notice of Acceptance of Offer of Judgment for Count II). On July 23, 2024, the Plaintiff notified the Court that she had accepted the Defendants' Offer of Judgment, *see* ECF No. 26, and the Court thereafter entered final judgment in favor of the Plaintiff and against the Defendants on July 25, 2024, ECF No. 28. The Plaintiff subsequently filed the instant Motion for an Award of Attorney's Fees and Costs as the Prevailing Party. ECF No. 38.

## I.     LEGAL STANDARD

The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010)); *see also, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) ("Generally, in federal litigation, . . . a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties."). A party seeking an award of attorneys' fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

## II.     ANALYSIS

### A.  Entitlement to Fees and Costs Under the FLSA

Under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, "the Act makes fee awards mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also James v.*

2

*Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1346 (S.D. Fla. 2007) ("[F]ee awards are mandatory for prevailing plaintiffs in FLSA cases.").

The parties do not dispute that the Plaintiff is the prevailing party in this action. *See* ECF Nos. 38, 41. Indeed, after the Plaintiff accepted the Defendants' Offer of Judgment, the District Court entered Final Judgment for the Plaintiff. ECF No. 28; *see, e.g.*, *Gutierrez v. El Toro Loco Churrascaria 8st. LLC*, 1:21-CV-22062-JLK, 2022 WL 3621615, at *2 (S.D. Fla. Aug. 9, 2022) (concluding that plaintiff was the prevailing party on FLSA claim where the court entered final judgment in favor of the plaintiff after plaintiff accepted offer of judgment), *report and recommendation adopted*, 2022 WL 3594970 (S.D. Fla. Aug. 23, 2022). Thus, Plaintiff is entitled to an award of her attorneys' fees and costs.

### B. Local Rule 7.3

Local Rule 7.3 acts as "a mechanism to assist parties in resolving attorney fee[s'] and costs disputes by agreement." *Gutierrez*, 2022 WL 3621615 at *2 (quoting S.D. Fla. L.R. 7.3). Before a party files a motion for attorneys' fees, Local Rule 7.3(b) imposes the following requirements on the parties: the moving party must serve a draft motion for attorneys' fees that provides, *inter alia*, identification of the number of hours reasonably expended by each timekeeper and the tasks done during those hours and that attaches invoices of all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920; the non-moving party shall then describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount; and the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses. S.D. Fla. L.R. 7.3(b); *see also* S.D. Fla. L.R. 7.3(a).

Defendants argue that Plaintiff's counsel failed to comply with Local Rule 7.3 and that the Plaintiff thus cannot recover any of her attorneys' fees and costs. *See* ECF No. 41 at 1-3.

3

Specifically, Defendants argue that Plaintiff's counsel provided billing records, but that Plaintiff did not provide Defendants with a draft motion or the terms of Plaintiff's fee agreement with her counsel. *Id.* at 1-2. Defendants further assert that although the parties engaged in some settlement discussions after the Plaintiff's counsel provided the time records and although the Plaintiff certified compliance with Local Rule 7.1(a)(3),[2] the Plaintiff did not certify conferral based on Local Rule 7.3(b). *Id.* at 1-2. Plaintiff responds that her counsel provided a complete copy of all attorneys' fees sought, including "an itemized breakdown of billing entries by timekeeper with detailed descriptions, reflecting the hourly rate sought by each," engaged in negotiations with Defendants' counsel "regarding the amount of attorneys' fees requested by Plaintiff" over a period of nearly a month, and offered to "accept a reduced amount of attorneys' fees," and that Defendants' counsel provided a counteroffer as to the amount of fees but did not object to the reasonableness of any particular billing entry. ECF No. 45 at 3.

The undersigned finds that the Plaintiff substantially complied with Local Rule 7.3 and is not barred from recovering her attorneys' fees and costs. *See, e.g.*, *Madden v. Just Believe Recovery Ctr. LLC*, 391 F. Supp. 3d 1121, 1126 (S.D. Fla. 2019) (permitting recovery of attorneys' fees where the plaintiff fell "short of full technical compliance with the requirements of Local Rule 7.3" but "the greater circumstances show compliance in substance"); *Gutierrez*, 2022 WL 3621615 at *2 (permitting recovery of attorneys' fees where "Plaintiff's counsel failed to strictly comply with Local Rule 7.3" but "provided Defendants with her counsel's hourly rate, number of hours billed, and detailed descriptions of work performed prior to filing her [m]otion" which "facilitate[d] a meaningful conferral on the same"). Both parties agree that the Plaintiff provided

---

[2] Local Rule 7.1(a)(3) states that prior to filing most motions in a civil case, "counsel for the movant shall confer (orally or in writing) or make reasonable effort to confer (orally or in writing) with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3).

4

Defendants with her counsel's billing records, and the parties engaged in negotiations in an attempt to agree on entitlement to and amount of attorney fees, although they were not able to reach an agreement. *See generally* ECF Nos. 38, 41, 45. Thus, although the Plaintiff failed to strictly comply with Local Rule 7.3(a) by providing the Defendants with a draft of the motion for fees and costs, the records provided by the Plaintiff prior to filing her motion for fees actually "did facilitate a meaningful conferral" as to entitlement and amount of fees, and counsel's "failure to provide the draft [m]otion did not in any way frustrate the purpose of the Rule, which is to ensure that the parties have a meaningful opportunity to resolve their attorneys' fees disputes before incurring further time and expense in litigating the issue." *Gutierrez*, 2022 WL 3621615 at *3; *see also Schwarz v. Seeman Holtz Prop. & Cas., LLC*, 21-CV-81005, 2023 WL 2087934, at *3 (S.D. Fla. Feb. 2, 2023) ("[W]hile compliance with Local Rule 7.3 is required, a Court may properly exercise its discretion to consider the merits of a fee motion in the face of limited non-compliance with local rules."), *report and recommendation adopted*, 2023 WL 2071844 (S.D. Fla. Feb. 17, 2023). Further, because the Defendants failed to object to any particular billing entry during the course of the parties' negotiations as to fees, any failure by the parties to confer as to the reasonableness of particular billing entries is not attributable to the Plaintiff's failure to strictly comply with Local Rule 7.3. *See* ECF No. 45 at 3.

The Defendants also argue that the Plaintiff failed to disclose the terms of any applicable fee agreement with her counsel, in violation of Local Rule 7.3(a)(4). However, the Plaintiff's motion adequately discloses the terms of the Plaintiff's fee agreement with her counsel, even though the Plaintiff does not attach the agreement to the motion. *See* ECF No. 38 at 10-11; S.D. Fla. L.R. 7.3(a)(4); *see also, e.g.*, *Asbun v. Resende*, No. 15-61370-CIV-MATTHEWMAN, 2016 WL 4272372, at *2 (S.D. Fla. Aug. 4, 2016) (concluding that Local Rule 7.3 does not explicitly require that a fee agreement be filed with a motion for attorneys' fees, but instead only requires

5

that the party seeking attorneys' fees disclose the terms of any applicable fee agreement); *Philipps v. SC Cap. Ventures, Inc.*, No. 19-62555-CIV-ALTMAN/HUNT, 2020 WL 5371296, at *1-2 (S.D. Fla. Mar. 13, 2020) (same), *report and recommendation adopted*, 2020 WL 2988381 (S.D. Fla. June 4, 2020); *Shor v. STORM TIGHT WINDOWS, INC.*, 19-62784-CIV-CANNON/HUNT, 2021 WL 6427481, at *1 (S.D. Fla. Dec. 21, 2021) (same), *report and recommendation adopted*, 2022 WL 110725 (S.D. Fla. Jan. 12, 2022). The Plaintiff's motion states:

> The Plaintiff signed a contingency arrangement with her counsel for this case. This contingent arrangement provided FairLaw Firm with no guarantee of payment for the services rendered by the firm. The contingent fee agreement provided that all time spent by Mr. Pollock and the other attorneys in his firm would be compensated at a rate of $550.00/hour.

ECF No. 38 at 10-11 (emphasis in original). The terms of the Plaintiff's fee agreement with her counsel were therefore disclosed to the Defendants. *Id.* Moreover, the hourly rates sought by the Plaintiff's counsel were reflected in the billing records provided by the Plaintiff to the Defendants prior to the filing of her fees motion. *See* ECF No. 45 at 3 ("These records [ECF No. 38-1] contain an itemized breakdown of billing entries by timekeeper with detailed descriptions, reflecting the hourly rate sought by each."); *see also* ECF No. 38-1. The Plaintiff has thus satisfied the requirement of Local Rule 7.3(a)(4) to disclose the terms of any applicable fee agreement in her fees motion and has otherwise substantially complied with Local Rule 7.3.

### C. Lodestar Calculation

The Plaintiff seeks $22,134.15 in fees for 49.6 hours of attorney time at hourly rates of $500.00 and $325.00 and 19.1 hours of non-attorney professional time at an hourly rate of $165.00. ECF No. 38 at 16. The Eleventh Circuit uses the lodestar approach to determine the amount of attorney's fees and costs to which a party is entitled. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1295 (11th Cir. 1988); *see also, e.g.*, *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 944 (11th Cir. 2020) (affirming award of attorneys' fees under the FLSA calculated using the

lodestar approach).  Under this approach, "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman*, 836 F.2d at 1299.

    1. *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  The Court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).  In determining what is a reasonable hourly rate, the Court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Meyrowitz v. Brendel*, No. 16-81793-CV, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (quoting *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350 n.2 (11th Cir. 2008)).

The Plaintiff seeks an hourly rate of $500 for lead counsel Brian H. Pollock, Esq. (admitted to practice in 1999); $325 for associate Brooks LaRou, Esq. (admitted to practice in 2022); and $165 for paralegal Steffany Sanguino. ECF No. 38 at 11-16.  The Defendants object to the hourly rates sought by Plaintiff's counsel. *See* ECF No. 41 at 16-17.  The Defendants ask that the Court take judicial notice of several recent cases awarding Mr. Pollock an hourly rate of $450, which is lower than the hourly rate Mr. Pollock seeks here. *Id.* at 16.  The Defendants then submit that

more reasonable hourly rates here would be: (1) Brian Pollock, Esq. - $300; (2) P. Brooks LaRue, Esq. - $200; and (3) Steffany Sanguino - $100.  *Id.* at 17.

Although the undersigned recognizes Mr. Pollock's experience, the undersigned finds after considering the pertinent factors that a reasonable hourly rate for Mr. Pollock for the services rendered in this case is $450 per hour, which is consistent with the majority of his approved rates of $450 per hour in similar cases.  *See, e.g.*, *Figuera v. All VIP Care, Inc.*, No. 22-61553-CIV, 2024 WL 4110542 (S.D. Fla. Aug. 15, 2024) (finding a reasonable fee for Mr. Pollock to be $450 in an FLSA case), *report and recommendation adopted*, 2024 WL 4103758 (S.D. Fla. Sept. 6, 2024); *Mendez v. Alpha & Omega Calibration Servs. LLC*, No. 24-20543-CV-WILLIAMS (S.D. Fla. Aug. 13, 2024) (ECF No. 40) (same); *McLeod v. Chef Creole Inc.*, No. 1:22-cv-22657-MOORE (S.D. Fla. July 17, 2024) (ECF Nos. 45, 46) (same).[3]  "This figure is already higher than '$375 per hour, an hourly rate that is "at the high end of the range of rates charged in the Southern District of Florida for . . . FLSA lawyers."'"  *Figuera*, 2024 WL 4110542, at *4 (quoting *Paguaga v. Pinnacle One Price Dry Cleaning of Davie*, LLC, No. 20-22694-CIV-TORRES, 2023 WL 2388272, at *6 (S.D. Fla. Mar. 7, 2023)).  The undersigned additionally finds, based on its consideration of the pertinent factors, that a reasonable hourly rate for Mr. LaRou is $275 per hour and a reasonable hourly rate for Ms. Sanguino is $150 per hour.  *See, e.g.*, *Mendez*, No. 24-20543-CV-WILLIAMS (ECF No. 40) (finding that the reasonable rates for Mr. LaRou and Ms. Sanguino were $275 and $150); *Figuera*, 2024 WL 4110542, at *4 ("[P]aralegals in this District are typically granted an hourly rate of $150.00.") (quoting *Venus Concept USA, Inc. v. Wilson*, No. 21-21656-CIV-

---

[3] The Plaintiff cites two cases in which Mr. Pollock's hourly rate of $500 was approved by the court.  *Maracallo v. Cusano Air Conditioning & Heating, Inc.*, No. 24-CV-20546-GOODMAN (S.D. Fla. May 31, 2024) (ECF No. 37); *Palacio Cruz v. Infante Security Protection, LLC*, No. 18-CV-21839-GAYLES (S.D. Fla. Sep. 4, 2018) (ECF No. 17).  However, in these cases, Mr. Pollock's hourly rate was either agreed to by the parties as part of the settlement agreement or unopposed by the defendant following entry of default and default judgment against it.

MARTINEZ/BECERRA, 2024 WL 1077347, at *5 (S.D. Fla. Feb. 22, 2024), *report and recommendation adopted*, 2024 WL 1072396 (S.D. Fla. Mar. 12, 2024)).

### 2. *Reasonable Hours Expended*

The second step in determining the lodestar amount is determining whether the hours expended on the case are reasonable and making adjustments as needed, considering, among other factors, the final result in the case. *See Norman*, 836 F.2d at 1299, 1301-02; *see also Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350-52 (11th Cir. 2008). A court may make such adjustments to arrive at the lodestar by either conducting an hour-by-hour analysis or applying an across-the-board reduction of the requested compensable hours. *Bivens*, 548 F.3d at 1351.

Plaintiff's counsel reports expending 67.61 total hours on this case: 18.2 hours by Mr. Pollock; 30.1 hours by Mr. LaRou; and 19.31 hours by Ms. Sanguino. *See* ECF No. 38 at 16; ECF No. 38-1.[4] The Defendants suggest an across-the-board cut of 50 percent. ECF No. 41 at 6. As grounds for the reduction, the Defendants argue that "this was a garden variety overtime lawsuit that spanned approximately 3 months" and that there "were no motions to dismiss or other substantive motions, no written discovery, no depositions, and very little other activity on or off the record." *Id.* at 5. The Defendants also argue that the Plaintiff achieved "limited success" by originally claiming to be owed $52,550 in unpaid wages, $52,550 in liquidated damages, and $5,000 in 26 U.S.C. § 7434 damages but recovering only $30,000 in total damages, or approximately 27% of the damages Plaintiff claimed to be owed. *Id.* at 12-13; *see also* ECF No. 7 (Plaintiff's Statement of Claim); ECF No. 26-4; ECF No. 26-5; ECF No. 28 (Final Judgment). Because the billing records in this case are not voluminous, the undersigned declines to make an

---

[4] The undersigned recognizes that the Plaintiff's motion seeks fees for 18.3 hours by Mr. Pollock, 31.3 hours by Mr. LaRou, and 19.1 hours by Ms. Sanguino, ECF No. 38 at 16, but a review of the underlying billing records reveals that the total is actually 18.2 hours for Mr. Pollock, 30.1 hours for Mr. LaRou, and 19.31 hours for Ms. Sanguino, *see* ECF No. 38-1.

9

across-the-board reduction and instead elects to conduct an hour-by-hour analysis of the records. *See Bivins*, 548 F.3d at 1350; *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("[W]here the fee motion and supporting documents are so voluminous, it is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction. . . . [T]he district court need not engage in an hour-by-hour analysis."); *see also* ECF No. 38-1.

"[T]he Supreme Court requires fee applicants to exercise 'billing judgment.'" *Norman*, 836 F.2d at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Id.* at 1306. However, "'excessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed" because these hours "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Id.* at 1301 (emphasis in original) (quoting *Hensley*, 461 U.S. at 434). "Redundant hours generally occur where more than one attorney represents a client." *Id.* at 1301-02. Multiple attorneys "may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1302. Further, "a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Id.* at 1306. However, "[i]f the court believes that prevailing counsel was merely inefficient, that fact should be reflected in the hourly rate awarded[,]" not in a reduction of hours. *Id.*

  a. <u>Post July 11, 2024 Offer of Judgment Fees</u>

The undersigned begins with the post-offer-of-judgment fees and the Defendants' assertion that, because the Plaintiff accepted the Defendants' Offer of Judgment, which provided for reasonable fees in an amount to be determined by the parties or the court through the date of the

10

offer, July 11, 2024, the Plaintiff is not entitled to fees after July 11, 2024. *See* ECF No. 41 at 19; *see also* ECF Nos. 26-1, 26-2. The Plaintiff rejects the Defendants' assertion and contends that the Plaintiff did not "specifically acquiesce" in the portion of the Defendants' offer that limits fees through the date of the offer. ECF No. 45 at 10. According to the Plaintiff, she agreed "'to accept the Defendants' offer that she be determined the prevailing party on [Counts I and II] and entitled to recover her attorneys' fees and costs from them, jointly and severally, . . . in an amount to be negotiated by the Parties or, if they cannot reach an agreement thereon, to be determined by the Court." *Id.* (quoting ECF Nos. 26-4, 26-5) (alterations in original). The Plaintiff accordingly asks the Court to view the Plaintiff's Notice of Acceptance as a "counteroffer" to the Defendants' Offer of Judgment that was then accepted by the Defendants when they tendered payment following the Plaintiff's Notice of Acceptance. *Id.*

It is not in dispute that the Plaintiff is the prevailing party. *See* ECF Nos. 38, 41. However, while the Plaintiff achieved a successful resolution of her action and therefore would usually be entitled to all reasonable attorneys' fees, including fees incurred while litigating fees issues, the Plaintiff achieved the successful resolution pursuant to a Rule 68 Offer of Judgment, authorizing judgment "on specified terms." Fed. R. Civ. P. 68(a); ECF Nos. 26-1, 26-2, 26-4, 26-5; *see also* ECF Nos. 28, 38, 41. "Courts apply traditional principles of contract law to interpret offers of judgment made under Rule 68." *Pope v. Lil Abner's Corp.*, 92 F. Supp. 2d 1327, 1328 (S.D. Fla. 2000) (citing *Johnson v. University College of University of Alabama*, 706 F.2d 1205, 1209 (11th Cir.1983)); *see also Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 943 (11th Cir. 2020) ("Rule 68 offers are governed by normal principles of contract law."). However, "[u]nlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse. If [s]he accepts, the court automatically enters judgment in [her] favor . . . ." *Util. Automation 2000, Inc. v. Choctawhatchee*

11

*Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002); *see also* ECF No. 28. Here, the Plaintiff notified the Defendants "that the Offer of Judgment served on her on July 11, 2024, under Fed. R. Civ. P. 68 is accepted," ECF Nos. 26-4, 26-5, and she then informed the Court that she had accepted the Offer of Judgment and requested entry of judgment pursuant to Rule 68, ECF No. 26. Thus, the Court cannot construe the Plaintiff's acceptance of the Defendants' Offer of Judgment as a counteroffer; it was an acceptance.

One of the "specified terms" of the Offer of Judgment that Plaintiff accepted is the award of "reasonable attorney's fees and costs . . . through the date of [the] Offer of Judgment," which was July 11, 2024. *See* Fed. R. Civ. P. 68(a); ECF Nos. 26-1, 26-2. In other words, the parties contractually agreed that the Plaintiff's mandatory award of attorney fees would be limited to those fees incurred through July 11, 2024. Thus, the Plaintiff's recovery of her attorneys' fees shall be so limited, and the 17.8 hours of fees incurred by Plaintiff's counsel after July 11, 2024 (13.4 hours by Mr. Pollock, 3.2 hours by Mr. LaRou, and 1.2 hours by Ms. Sanguino) will not be awarded. *See, e.g.*, *Norman v. Alorica, Inc.*, No. CIV.A. 11-00433-KD-C, 2012 WL 5452196, at *3-4 (S.D. Ala. Nov. 7, 2012) (limiting award of attorneys' fees in an FLSA case to fees incurred prior to the date of the accepted Rule 68 offer of judgment, pursuant to the terms of that offer); *Beauford v. ActionLink, LLC*, No. 4:12CV00139 JLH, 2014 WL 183904, at *6 (E.D. Ark. Jan. 15, 2014) (limiting attorneys' fees in an FLSA case to those incurred through the date of acceptance of the Rule 68 offer of judgment based on the language of that offer); *see also, e.g.*, *Guerrero v. Cummings*, 70 F.3d 1111, 1113-14 (9th Cir. 1995) (limiting award of attorneys' fees to fees accrued through the date of the Rule 68 offer of judgment based on language of offer in action brought pursuant to 42 U.S.C. § 1983); *Reed v. Complete Credit Sols., Inc.*, No. 6:21-CV-1276-PGB-RMN, 2023 WL 8651325, at *1 (M.D. Fla. June 27, 2023) (limiting award of attorneys' fees pursuant to statutory fee-shifting provision to fees incurred prior to acceptance of Rule 68 offer of judgment),

12

*report and recommendation adopted*, 2023 WL 8651261 (M.D. Fla. July 12, 2023); *Alexander v. NCO Fin. Sys., Inc.*, No. CIV.A. 11-401, 2011 WL 2415156, at *4 (E.D. Pa. June 16, 2011) (limiting award of attorneys' fees pursuant to statutory fee-shifting provision to fees incurred prior to Rule 68 offer of judgment); *Williams v. NCO Fin. Sys., Inc.*, No. CIV.A. 10-5766, 2011 WL 1791099, at *3 (E.D. Pa. May 11, 2011) (same); *Brass v. NCO Fin. Sys., Inc.*, No. 11-CV-1611, 2011 WL 3862145, at *3 (E.D. Pa. July 22, 2011) (same), *report and recommendation adopted*, No. CIV.A. 11-1611, 2011 WL 3862069 (E.D. Pa. Aug. 31, 2011); *Denton v. PennyMac Loan Services, LLC*, 252 F. Supp. 3d 504, 515 (E.D. Va. 2017) (same).

### b. The Effect of the Defendants' July 23, 2024 Offer of Judgment for Fees

The Defendants also argue that because they made an Offer of Judgment to the Plaintiff on July 23, 2024 for $12,000 to resolve the issue of the Plaintiff's attorneys' fees, the Plaintiff should not be awarded any attorneys' fees after July 23 if her counsel's fees, up to that date, did not meet or exceed $12,000. *See* ECF No. 41 at 19.

As an initial matter, the Defendants' arguments concerning their July 23, 2024 offer of judgment raise a moot point because, as explained above, the accepted July 11, 2024 Offer of Judgment already limits the Plaintiff's recovery of attorneys' fees to those fees incurred through July 11, 2024. However, even assuming the applicability of Rule 68 in this procedural context—that is, after the entry of judgment pursuant to Rule 68 based on a plaintiff's acceptance of an offer of judgment that already addressed the issue of attorneys' fees—the Plaintiff's non-acceptance of the Defendants' July 23, 2024 offer would not limit the Plaintiff's entitlement to attorneys' fees in this case because the Plaintiff's entitlement to attorneys' fees is based on the FLSA's express grant of attorneys' fees and is not based on an award of costs.

Although "a plaintiff who accepts a Rule 68 offer may recover attorneys' fees as 'costs then accrued' if the 'relevant substantive statute or other authority defines' costs to include attorneys'

13

fees," the FLSA does not define costs to include attorneys' fees. *Util. Automation 2000, Inc.*, 298 F.3d at 1240 (quoting Fed. R. Civ. P. 68(a) and *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997)); 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *see also Arencibia*, 113 F.3d at 1214. Thus, the Plaintiff's entitlement to attorneys' fees is not based on Rule 68 but is instead based on the FLSA's language expressly mandating "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Moreover, "[i]f the underlying fee-shifting statute [like the FLSA] does not define attorneys' fees as a part of costs, the making of a Rule 68 offer does not automatically cut off plaintiff's right to seek a fee award for post-offer legal work." 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3006.2 (2d ed. 1997); *see also, e.g.*, *Valencia v. Affiliated Grp., Inc.*, 674 F. Supp. 2d 1300, 1304 (S.D. Fla. 2009) (concluding that where a fee-shifting statute "explicitly distinguishes attorney's fees from awardable 'costs,' Rule 68 does not preclude Plaintiff from recovering attorney's fees incurred after the date of the Offer").

Accordingly, the Defendants' July 23, 2024 offer of judgment has no impact on the award of attorneys' fees in this case.

### c. Reasonableness of Hours Expended by Plaintiff's Counsel

The undersigned has conducted an hour-by-hour review of the billing records provided by the Plaintiff and the objections asserted by the Defendants to those billing entries and finds that the hours expended by Plaintiff's counsel are mostly reasonable, but that some reductions are warranted to account for erroneous entries, redundant or duplicative work, and clerical tasks. *See* ECF Nos. 38-1, 41-8.

At the outset, Mr. LaRou's June 6, 2024, time entry for 0.3 hours for "Review of Defendant

Cataldo's edits to proposed order referring discovery matters to Magistrate Schwabedissen, and further revisions to the same" does not appear to be from the instant case and therefore cannot be recovered here.

The undersigned also finds that the time entries listed below are for non-attorney tasks that are clerical or secretarial in nature and therefore not recoverable. *See, e.g.*, *Centennial Bank v. M/V "Why Not"*, No. 22-CV-22883, 2024 WL 3072041, at *8 (S.D. Fla. Mar. 6, 2024) ("[D]ownloading documents, providing copies to the attorney, and saving them to the file are clerical tasks which are not recoverable."), *report and recommendation adopted*, 2024 WL 3070755 (S.D. Fla. June 20, 2024); *Oreilly v. Art of Freedom Inc.*, No. 17-CV-21251, 2018 WL 6616445, at *5 (S.D. Fla. Dec. 14, 2018) (deducting time entries "described as 'receipt and review' of documents . . . that do not reflect that these tasks meaningfully contributed to the prosecution of this case" and time entries for scheduling), *report and recommendation adopted*, 2019 WL 1115879 (S.D. Fla. Jan. 8, 2019); *Ramos v. Arba Constr. Inc.*, No. 20-25192-CIV, 2021 WL 4482659, at *2 (S.D. Fla. Aug. 25, 2021) (stating that "[e]xamples [of clerical tasks] include scheduling, telephone calls, faxing, mailing, filing, and e-filing"), *report and recommendation adopted*, 2021 WL 4480169 (S.D. Fla. Sept. 30, 2021); *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, No. 08-61240-CIV, 2009 WL 2143633, at *6 (S.D. Fla. May 26, 2009) ("[P]laintiff should not be compensated in attorney fees for hours expended by paralegals on translations."), *report and recommendation adopted in relevant part, rejected in part*, 2009 WL 2143628 (S.D. Fla. July 16, 2009); *Caldwell v. Seychelles Ltd., LLC*, No. 0:23-CV-61267, 2024 WL 4202125, at *8 (S.D. Fla. Aug. 16, 2024) (concluding that downloading pleadings, updating client files, calendaring deadlines, e-filing, reviewing calendar deadlines, reviewing the docket, producing reports of deadlines, removing deadlines, and Bates stamping documents are non-recoverable, clerical tasks).

15

| Date | Biller | Hours Deducted | Reason for Deduction |
|---|---|---|---|
| 4/18/2024 | Ms. Sanguino | 1.0 | Clerical |
| 4/25/2024 | Ms. Sanguino | .2 | Translation |
| 4/25/2024 | Ms. Sanguino | .12 | Clerical |
| 4/25/2024 | Ms. Sanguino | .1 | Clerical |
| 4/25/2024 | Mr. LaRou | .1 | Clerical |
| 5/8/2024 | Ms. Sanguino | .2 | Clerical |
| 5/9/2024 | Ms. Sanguino | .1 | Clerical |
| 5/14/2024 | Ms. Sanguino | .1 | Clerical |
| 5/17/2024 | Ms. Sanguino | .1 | Clerical |
| 5/17/2024 | Ms. Sanguino | .1 | Clerical |
| 5/21/2024 | Ms. Sanguino | .1 | Clerical |
| 5/22/2024 | Ms. Sanguino | .1 | Clerical |
| 5/24/2024 | Ms. Sanguino | .2 | Clerical |
| 5/24/2024 | Ms. Sanguino | .2 | Clerical |
| 5/24/2024 | Ms. Sanguino | .5 | Clerical |
| 5/24/2024 | Ms. Sanguino | .2 | Clerical |
| 6/6/2024 | Ms. Sanguino | .1 | Clerical |
| 6/6/2024 | Ms. Sanguino | .1 | Clerical |
| 6/6/2024 | Ms. Sanguino | .1 | Clerical |
| 6/6/2024 | Ms. Sanguino | .1 | Clerical |
| 6/6/2024 | Ms. Sanguino | .1 | Clerical |
| 6/6/2024 | Ms. Sanguino | .3 | Clerical |
| 6/7/2024 | Ms. Sanguino | .1 | Clerical |
| 6/25/2024 | Ms. Sanguino | .2 | Clerical |
| 6/26/2024 | Ms. Sanguino | .2 | Scheduling/Clerical |
| 6/27/2024 | Mr. LaRou | .1 | Scheduling/Clerical |
| 6/27/2024 | Ms. Sanguino | .2 | Scheduling/Clerical |
| 7/3/2024 | Ms. Sanguino | .1 | Clerical |
| 7/5/2024 | Mr. LaRou | .1 | Scheduling/Clerical |
| 7/10/2024 | Ms. Sanguino | 5.0 | Translation |
| 7/11/2024 | Ms. Sanguino | .2 | Clerical |
| **TOTAL HOURS DEDUCTED** | | 10.42 | |

Other than the 0.3 hours mistakenly billed by Mr. LaRou to this case, the reductions of 10.42 hours identified in the above chart, and the 17.8 hours of fees incurred by Plaintiff's counsel after July 11, 2024 (13.4 hours by Mr. Pollock, 3.2 hours by Mr. LaRou, and 1.2 hours by Ms. Sanguino), the undersigned finds that the number of hours sought by the Plaintiff is reasonable.

### D. The Amount of Reasonable Attorneys' Fees to Which Plaintiff Is Entitled

Accordingly, based on the hours reasonably billed by Plaintiff's counsel (that is, after the reductions discussed above) and the reasonable hourly rates allowed for Plaintiffs' counsel and paralegal, the amount of attorneys' fees to which Plaintiff is entitled is **$10,591.00**, as calculated below.

| Biller | Total Hours | Hours After Deductions | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Brian Pollock, Esq. | 18.2 | 4.8 | $450 | $2,160.00 |
| Brooks LaRou, Esq. | 30.1 | 26.3 | $275 | $7,232.50 |
| Steffany Sanguino | 19.31 | 7.99 | $150 | $1,198.50 |
| **TOTAL** | | | | **$10,591.00** |

### E. Costs

Although the instant motion purports to seek costs in addition to attorneys' fees, *see* ECF No. 38 at 1 (requesting an award of costs in the title of the motion), the Court has already awarded Plaintiff her taxable costs, ECF No. 30, and the Plaintiff has not provided any information or arguments concerning her entitlement to any additional costs. Accordingly, the undersigned recommends the denial of any award of additional, non-taxable costs.

### III. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for an Award of Attorney's Fees and Costs as the Prevailing Party, ECF No. 38, be **GRANTED IN PART** and that the Plaintiff be awarded attorneys' fees in the amount of **$10,591.00**, as described above.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and

Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

   **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 22nd day of January 2024.

                   _____
                   EDUARDO I. SANCHEZ
                   UNITED STATES MAGISTRATE JUDGE

cc: Roy K. Altman
   Counsel of Record