UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-21463-ALTMAN/SANCHEZ

NEREYDA SUHEY CASTILLO MARENCO,

 Plaintiff,

vs.

J.C. PAINTING CONTRACTOR LLC, MARIA GONZALEZ, AND TOMAS GONZALEZ,

 Defendants.
_____/

## **PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

 Plaintiff, Nereyda Suhey Castillo Marenco, through her undersigned counsel and pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, objects to the Report and Recommendation on Plaintiff's Motion for an Award of Attorney's Fees and Costs as the Prevailing Party [ECF No. 47] entered by United States Magistrate Judge Eduardo I. Sanchez on January 22, 2025 (the "Report and Recommendation"), and as grounds states as follows:

### I. INTRODUCTION

 Plaintiff objects to the Report and Recommendation as clearly erroneous and/or contrary to the law, as it fails to consider Plaintiff's entitlement to attorney's fees and costs in connection with post-judgment collection efforts under Fla. Stat. § 57.115 and that Defendants contested awarding Plaintiff any of her attorney's fees (despite the Rule 68 Offers). *Compare* [ECF Nos. 26-1 and 26-2 with 41.] The Report and Recommendation is for Plaintiff to recover nothing for fees or costs incurred after service of Defendants' Rule 68 Offer of Judgment. [ECF No. 47.] In so ruling, the Report and Recommendation is both clearly erroneous and contrary to the law by failing to

1

distinguish between the fees and costs that may not be recoverable for expenditures before the entry of a judgment under Rule 68 and those which must be awarded as having been incurred post-judgment under Fed. R. Civ. P. 69 and Fla. Stat. §57.115. It is further erroneous and contrary to the law by failing to consider that Defendant did not stipulate to Plaintiff's entitlement to fees and how its concomitant disregard for the terms of her Rule 68 Offers *required* Plaintiff to expend otherwise unnecessary time, effort, and expense in both recovering on her judgment and establishing her entitlement to fees. Accordingly, Plaintiff requests the Court to sustain her Objection and to award the attorney's fees and costs she incurred since the entry of the judgment.

## II.  ARGUMENT

**A.  Plaintiff Is Entitled To Recover Fees For Her Efforts In Arguing Entitlement, Post-Judgment Execution, And The Amount Of Post-Judgment Fees.**

The Court entered its final judgment for Plaintiff on July 25, 2024. [ECF No. 28.] Defendants did not thereafter voluntarily or within a reasonable time either address or tender payment. Consequently, Plaintiff proceeded with execution efforts, including obtaining a Writ of Execution and an Order Compelling Defendants to complete Fact Information Sheets. [ECF Nos. 31-35.] Only after her post-judgment efforts did the Defendants satisfy the judgment. [ECF No. 36, 37.] Following the entry of that judgment, Plaintiff's counsel expended at least 11.8 hours of work in connection with executing on that judgment (excluding the time spent in connection with drafting Plaintiff's Motion for Extension to File Reply Supporting Motion for Attorney's Fees and Costs [ECF No. 42], Reply Supporting Plaintiff's Motion for Attorney's Fees and Costs [ECF No. 45], Notice of Ninety Days Expiring [ECF No. 46], or the instant filing). [*See* ECF No. 38-1.] The Report and Recommendation erroneously failed to consider the facts, circumstances, and the applicable law governing judgment creditors' entitlement to post-judgment fees and costs. Upon

2

considering these issues, the Court should sustain Plaintiff's Objection and award Plaintiff the attorney's fees and costs she reasonably incurred to establish her entitlement and for hoer post-judgment collection efforts, all of which the Report and Recommendation failed to provide.

B. **Defendants' Disregard For Their Offers Required Additional Fees.**

The Rule 68 Offers included, in relevant part, acquiescence to Plaintiff's entitlement to recover her attorney's fees (through the date of each offer) as a condition of acceptance. [ECF Nos. 26-1 and 26-2.] Defendants, however, disregarded this material provision of the Rule 68 Offers by improperly arguing against awarding *any* fees to Plaintiff (because they received Plaintiff's counsel's time and expense records but not a draft Motion). [ECF No. 41.] The Report and Recommendation properly determined that Plaintiff had complied with the spirit of Rule 7.3, especially given the context of the Rule 68 Offer's terms, but otherwise clearly erred and was contrary to the law by failing to award Plaintiff the attorney's fees she incurred arguing for her entitlement to attorney's fees as a result of Defendants' (mis)conduct. Plaintiff was required to expend otherwise unnecessary time and effort arguing her entitlement to an award of attorney's fees because Defendants improperly contested an award of any fees (even though such argument was contrary to the terms of the Rule 68 Offers).

B. **Rule 68 Does Not Preclude Or Address Post-Judgment Fees.**

Florida law entitles a judgment creditor to recover its attorney's fees and costs. *See Tower Cranes of America, Inc. v. Monte Campbell Crane Co.*, 627 So. 2d 1350 (Fla. 4th DCA 1993) (Fla. Stat. § 57.115 "allows the discretionary award to a judgment creditor of fees incurred in connection with execution on a judgment."). Under Fla. Stat. § 57.115(1), "[t]he Court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment." "In determining the amount of costs, including

3

attorney's fees, if any, to be awarded under this section, the court shall consider: (a) Whether the judgment debtor had attempted to avoid or evade the payment of the judgment; and (b) Other factors as may be appropriate in determining the value of the services provided or the necessity for incurring costs in connection with the execution." Fla. Stat. § 57.115(2). To that end, "[i]f the losing party persists in requiring the expenditure of attorney's time even after the court has entered judgment on the arbitration award, there is no apparent reason to us why the broad scope of this fee provision should not be invoked here as well." *Fed. Auto Ins., Inc. v. Bus. Acquisitions Brokerage, Inc.*, 839 So.2d 767, 767 (Fla. 4th DCA 2003).

This Court has held that a "party can try to obtain fees and costs for discovery and collection efforts that are in direct connection to the judgment's execution." *D'Agostino v. Keitel*, 2019 U.S. Dist. LEXIS 169666, 2019 WL 5209638, at *4 (S.D. Fla. Sept. 27, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 237447, 2019 WL 11505325 (S.D. Fla. Oct. 22, 2019). "[T]he consideration under subsection (2) of the statute as to whether the borrower attempted to avoid or evade paying the judgment 'is a consideration for the court as to the amount of fees and costs—not entitlement.'" *Webber for Keitel v. D'Agostino*, 251 So. 3d 188, 192 (Fla. 4th Dist. Ct. App. 2018) cited in *Sullinger v. Sullinger*, 2023 U.S. Dist. LEXIS 77260, 2023 WL 3853610, at *2 (M.D. Fla. May 3, 2023), report and recommendation adopted, 2023 U.S. Dist. LEXIS 94897, 2023 WL 3735730 (M.D. Fla. May 31, 2023).

In determining Plaintiff's entitlement to her award of attorneys' fees and costs as the prevailing party in this case, the Report and Recommendation erroneously determined Plaintiff's acceptance of the Rule 68 Offer precluded *all* fees and costs thereafter incurred. [ECF No. 47 at 10-13.] The Report and Recommendation erred by failing to consider that each Rule 68 Offer was for the entry of a judgment. [ECF Nos. 26-1 and 26-2.] Such a ruling, if correct, would be

4

antithetical to the purpose of Rule 68 by encouraging offerors – upon becoming judgment debtors – to resist and never satisfy the judgment entered through the grant of immunity from fees. *But see Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation.") Although accepting a Rule 68 Offer results in the entry of a judgment, a Plaintiff's acceptance and subsequent receipt of a judgment could mark the beginning of post-judgment collection deceit that would make execution infeasible if fees were unavailable for the efforts expended. *But see* Fla. Stat. §57.115. Determining that Plaintiff was entitled to no fees or costs for executing the judgment is clearly erroneous and contrary to the law. *See e.g.*, *Flava Works, Inc. v. A4A Reseau, Inc.*, 2018 U.S. Dist. LEXIS 235992, at *9 (S.D. Fla. Mar. 15, 2018).

WHEREFORE Plaintiff Nereyda Suhey Castillo Marenco, respectfully requests this Court to sustain her objections to the Report and Recommendation, as set forth above, and to grant her the attorney's fees she incurred to obtain her entitlement to an award and for her post-judgment efforts, through the entry of a judgment for fees herein.

Respectfully submitted this 5th day of February 2025,

        s/ Patrick Brooks LaRou
        Brian H. Pollock, Esq. (174742)
        brian@fairlawattorney.com
        Patrick Brooks LaRou, Esq. (1039018)
        brooks@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue, Suite 770
        Coral Gables, Florida 33146
        Telephone: (305) 230-4884
        *Counsel for Plaintiff*

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*