**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-21463-ALTMAN/Sanchez**

**NEREYDA SUHEY CASTILLO**
**MARENCO**,

    *Plaintiff*,

v.

**J.C. PAINTING CONTRACTOR LLC**,
*et al.*,

    *Defendants*.

_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATIONS</u>**

This Fair Labor Standards Act ("FLSA") case ended when the Plaintiff accepted the Defendants' offer of judgment for each of the two counts she'd brought against the Defendants. *See* Notice of Acceptance of Offer of Judgment [ECF No. 26]; Offer of Judgment for Count I [ECF No. 26-1]; Offer of Judgment for Count II [ECF No. 26-2]. Each offer provided that the Plaintiff could collect "reasonable attorney's fees and costs to the extent allowable under [the pertinent statute], in an amount negotiated by the parties and/or determined by the Court through the date of this Offer of Judgment." Offer of Judgment for Count I at 2; *see also* Offer of Judgment for Count II at 1–2. The parties were ultimately unable to agree on a fee amount for Plaintiff's counsel, so the Plaintiff returned to us, *see* Motion for Attorney's Fees [ECF No. 38], and we referred her to U.S. Magistrate Judge Sanchez, *see* Paperless Order Referring Motion [ECF No. 40]. Magistrate Judge Sanchez determined that Plaintiff's counsel was entitled to $10,591.00 in fees for the work he completed *before* the Offer of Judgment. *See* Report and Recommendations (the "R&R") [ECF No. 47] at 17. But, holding the Plaintiff to the offer terms she'd accepted, Judge Sanchez held that Plaintiff's counsel wasn't entitled to anything for work he completed *after* the Offer of Judgment. *Id.* at 10–13.

The Plaintiff objects. *See* Objections to Report and Recommendations (the "Objections") [ECF No. 48]. She doesn't contest the fee amount she was awarded for her counsel's pre-offer work. But she argues that Magistrate Judge Sanchez erred when he failed to award her anything for her lawyer's post-offer work. The difference isn't negligible. Plaintiff's counsel received fees for 39.09 hours of pre-offer work; counsel's post-Offer work amounts to 17.8 hours. In dollar terms, obtaining fees for the post-offer work would increase counsel's award by approximately 67%. The Defendants, for their part, neither objected to the R&R nor responded to the Plaintiff's Objections. *See generally* Docket. After careful review, we now **OVERRULE** the Objections and fully **ADOPT** the R&R.

## STANDARD OF REVIEW

The Plaintiff stumbles out of the gate, asking us to apply the wrong standard of review. She "objects to the Report and Recommendation as clearly erroneous and/or contrary to the law," Objections at 1, but we review an R&R on attorneys' fees *de novo*.[1] That's because post-trial or post-judgment "attorneys' fees are treated as dispositive matters when referred to a magistrate judge[.]" *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, 564 F. Supp. 3d 1265, 1268 (S.D. Fla. 2021) (Altman, J.) (citing FED. R. CIV. P. 54(d), which provides that a district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter"). Under Rule 72(b), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b). To accept any portion of the R&R to which no party objects—which is the rest of this R&R—we "need only satisfy [ourselves] that there is no

---

[1] Of course, the standard we apply is *more* favorable to the Plaintiff than the standard she asked for. "[T]he clearly erroneous or contrary to law standard of review is extremely deferential." *Mad Room, LLC v. City of Miami*, 2023 WL 4571157, at *3 (S.D. Fla. July 18, 2023) (Altman, J.) (quoting *Bradford Emerg. Grp., LLC v. Blue Cross and Blue Shield of Fla. Inc.*, 2022 WL 4545177, at *1 (S.D. Fla. Sept. 29, 2022) (Singhal, J.)); *SEC v. Charnas*, 717 F. Supp. 3d 1233, 1238 (S.D. Fla. 2024) (Bloom, J.) (same, quoting *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).

clear error on the face of the record[.]" FED. R. CIV. P. 72(b)(3) advisory committee's notes (citation omitted).[2]

It's true that a small minority of courts have concluded that post-trial (or post-judgment) motions for attorneys' fees *aren't* dispositive and can be determined outright by a magistrate judge. *See, e.g.*, *Traxcell Techs., LLC. v. AT&T Corp.*, 2022 WL 18507378, at *1 (E.D. Tex. Dec. 22, 2022) ("Like most courts, this Court has determined that post-trial motions for attorney's fees qualify as non-dispositive motions."), *summarily aff'd*, 2023 WL 4503520 (Fed. Cir. July 13, 2023); *United States ex rel. Doe v. Biotronik, Inc.*, 2015 WL 6447489, at *6 (E.D. Cal. Oct. 23, 2015) ("[A] motion for attorneys' fees is not a dispositive motion."), *aff'd in part and appeal dismissed in part*, 716 F. App'x. 590 (9th Cir. 2017).[3] Although these decisions rarely spell out *why* they conclude that fee motions aren't dispositive, their reasoning seems to be that a dispositive motion must resolve the merits of the action, and whether (and how much) to pay attorneys doesn't pertain to the merits. Plus, at least some of these courts have expressly reasoned that, because Rule 54 provides that a district court "may" refer a fee motion as if it were dispositive, the Rule "implicitly recognizes motions for attorneys' fees are non-dispositive." *Biotronik, Inc.*, 2015 WL 6447489, at *6.

We disagree. "[A] posttrial award[] of attorneys' fees, where authorized by a statute or pursuant to an agreement, represent[s] a claim for relief." 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3068.2 (3d ed.). When we rule on a prevailing party's fee motion, we're ultimately ruling on the merits of its claim for relief. That the merits of the fee claim happen to be collateral to the merits of the underlying action doesn't mean our determination isn't

---

[2] As we said, clear error review is extremely deferential. Clear error is "more than just maybe or probably wrong"; it's error that "strike[s] us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

[3] *See also, e.g.*, *Dryer v. Nat'l Football League*, 2014 WL 12600957, at *1 (D. Minn. Feb. 4, 2014) ("[T]he appropriate standard of review on a nondispositive issue such as attorney's fees is whether the determination is clearly erroneous[.]").

dispositive of the merits of a party's claim. *See Est. of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993) ("[B]ecause the plaintiffs sought a determination of their claim for attorney's fees, their motion was dispositive of a claim of a party."). So, although Rule 54 uses the permissive word "may," the Rule doesn't authorize us, when we exercise our discretion to refer a fee motion, to dictate the standard of review. *See Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 947 (D.C. Cir. 2017) ("In context, it is clear that Rule 54(d)(2)(D)'s use of the permissive verb 'may' refers to the permissive nature of the district judge's authority to refer the case to a magistrate, with no effect on the standard of review to be applied if the reference is made."). The permissive "may" merely authorizes us to *refer* fee motions—not to *change* those dispositive motions into non-dispositive ones. *See* 28 U.S.C. § 636(b)(1) (limiting our authority to solicit magistrate-judge determinations of certain motions); *see also* FED. R. CIV. P. 72(b) (same).

Although the Eleventh Circuit hasn't weighed in on this issue, our view follows the consensus that's developed among the Circuits.[4] It also comports with the clear consensus in our District. *See,*

---

[4] *See, e.g., Baylor*, 857 F.3d at 947 ("[W]e join a number of our sister circuits in requiring that motions for attorney's fees be reviewed *de novo* if referred to a Magistrate Judge and properly objected to."); *ClearOne Commc'n, Inc. v. Bowers*, 509 F. App'x 798, 805 (10th Cir. 2013) (Gorusch, J.) (vacating district court order "affirming" magistrate's order determining certain attorneys' fees and remanding for reconsideration "under the *proper* procedure for dispositive matters" (emphasis added)); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009) ("Attorneys' fee determinations are considered 'dispositive' for purposes of Rule 72 of the Federal Rules of Civil Procedure."); *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) ("A Magistrate Judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues."); *Rajaratnam v. Moyer*, 47 F.3d 922, 924 (7th Cir. 1995) ("The application for fees [under the Equal Access to Justice Act] cannot be characterized as nondispositive."); *Est. of Conners*, 6 F.3d at 659 ("[B]ecause the plaintiffs sought a determination of their claim for attorney's fees, their motion was dispositive of a claim of a party."); *see also Ins. Co. of N.A. v. Bath*, 968 F.2d 20 (10th Cir. 1992) ("A motion for attorney's fees, even if post-judgment, should be considered a dispositive motion triggering the procedure and standard of review found at 28 U.S.C. § 636(b)(1)."); *cf. Pacel Corp. v. Calkins*, 325 F. App'x 202, 203 (4th Cir. 2009) (dismissing appeal of magistrate judge's "order" awarding attorney's fees because "a magistrate judge's recommendation is not a final appealable decision" and "dispositive motions" must be reviewed *de novo*); *Gleason v. Sec'y of Health and Hum. Servs.*, 777 F.2d 1324, 1324 (8th Cir. 1985) (same). Even district judges who view the case law in this area as "inconclusive" often ultimately determine that post-trial or post-judgment fee motions are dispositive. *See Linde v. Arab Bank, PLC*, 2020 WL 5200924, at *1 (E.D.N.Y. Sept. 1, 2020) (holding that attorneys'-fees motions are dispositive

*e.g.*, *Meir v. Westchester Surplus Lines Ins. Co.*, 2024 WL 3796985, at *1 (S.D. Fla. July 25, 2024) (Reid, Mag. J.) ("[B]ecause [fee] motions are 'dispositive of a claim,' a magistrate judge must address the motion by issuing a Report and Recommendation."), *report and recommendation adopted*, 2024 WL 3791762 (S.D. Fla. Aug. 13, 2024) (Smith, J.); *Regions Bank v. Chi. Title Ins. Co.*, 2011 WL 13225148, at *4 (S.D. Fla. Dec. 12, 2011) (Ryskamp, J.) ("[A] motion for attorneys' fees (or for reconsideration thereof) is not a non-dispositive motion within the general scope of a magistrate judge's jurisdiction.").[5]

### THE LAW

Magistrate Judge Sanchez correctly recited the applicable law. The balance of authority in this District seems to hold that, in general, a party may obtain reasonable attorney's fees for enforcing and collecting a final judgment under the FLSA.[6] *See, e.g.*, *Aguilera v. JM Cell LLC*, 2022 WL 19228649, at *6 (S.D. Fla. Aug. 31, 2022) (Altonaga, C.J.) ("As to Plaintiff's request for reasonable fees and costs

---

notwithstanding the fact that the court's "review of the few cases to address fee disputes under Federal Rule of Civil Procedure 72 ha[d] proven inconclusive as to whether such motions are dispositive or non-dispositive"); *Conmed Corp. v. Lexion Med., LLC*, 2019 WL 3891026, at *1 (N.D.N.Y. Aug. 19, 2019) (holding that attorneys'-fees motions are dispositive despite noting "some confusion [on this issue] among district courts").

[5] We don't mean to suggest that a magistrate judge cannot finally determine, for example, an award of attorneys' fees as a discovery sanction under Rule 37 or for some other discovery-related reason that isn't dispositive of a claim or defense. The old Fifth Circuit held as much in a binding decision. *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. Unit A June 1981) ("Since discovery issues are by definition pretrial matters, the magistrate possessed authority under 28 U.S.C. § 636(b)(1)(A) to assess reasonable expenses and attorney's fees under Rule 37(a)(4), even after judgment was rendered in the case."). And courts in our District have long followed this view. *See, e.g.*, *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, 2018 WL 11227736, at *4 (S.D. Fla. Dec. 20, 2018) (Lenard, J.) (collecting cases and holding that clear-error review applied to magistrate judge's order imposing fees as punishment for "sanctionable conduct [that] occurred in the preliminary stages of the case, and . . . [was] non-dispositive of any claim or defense"); *Collar v. Abalux, Inc.*, 2018 WL 3328682, at *13 (S.D. Fla. July 5, 2018) (Goodman, Mag. J.) ("[M]agistrate judges have jurisdiction to enter sanctions orders for discovery failures that do not strike claims, completely preclude defenses, or generate litigation-ending consequences.").

[6] The Plaintiff's Count II arises under 26 U.S.C. § 7434. For simplicity, we'll assume without deciding that § 7434 also permits a prevailing plaintiff to recover reasonable collection fees. As we'll explain, whether that's true or not doesn't affect any part of our analysis.

associated with the collection of the underlying FLSA judgment and fees, the Court has previously found such a request reasonable and does so again here."); *Cruz v. Paver Designs of Mia. Dade Inc.*, 2014 WL 12539726, at *2 (S.D. Fla. Sept. 22, 2014) (Altonaga, J.) (citing *DiFrancesco v. Home Furniture Liquidators, Inc.*, 2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009) (O'Sullivan, Mag. J.));[7] *but see Cimeus v. Vestige Sec. Inc.*, 2017 WL 9288587, at *4 (S.D. Fla. Sept. 28, 2017) (Middlebrooks, J.) (declining (without explanation) to join the holding of *DiFrancesco*).[8]

One exception to this general rule arises when the parties resolve their dispute through an agreement, either by an explicit settlement or by accepting a Rule 68 offer of judgment. *See, e.g.*, *Macias v. Barton Transp., Inc.*, 2019 WL 12267186, at *3 (S.D. Fla. Dec. 23, 2019) (Maynard, Mag. J.) (declining to award fees for collecting money owed under an FLSA settlement agreement because the terms of

---

[7] *See also Ramirez v. Rosalia's Inc.*, 2023 WL 3930726, at *6 (S.D. Fla. June 9, 2023) (Damian, Mag. J.) (same); *Podzemelnyy v. Prolog Corp.*, 2020 WL 6064873, at *4 (S.D. Fla. Apr. 20, 2020) (Strauss, Mag. J.) (same), *report and recommendation adopted*, 2020 WL 6059794 (S.D. Fla. Oct. 14, 2020) (Moreno, J.); *Yuzhaninov v. Optim LLC*, 2018 WL 11488017, at *6 (S.D. Fla. June 14, 2018) (Altonaga, J.) (same).

[8] *Cimeus* has been cited to show that "[t]here is a split of authority [within our District] on whether post-collection fees and costs are recoverable under the FLSA." *Bejerano v. Flex Fla. Corp.*, 2021 WL 3566286, at *5 (S.D. Fla. Aug. 12, 2021) (Torres, Mag. J.); *see also* Defendants' Response in Opposition to the Motion for Attorney's Fees [ECF No. 41] at 20. But, although *Cimeus* rather dramatically "decline[d] to join the holding of *DiFrancesco*," all it actually held was that the plaintiff wasn't entitled to *indeterminate* "future fees regarding collection of the default judgment"—*i.e.*, fees that *hadn't been incurred* at the time of the fee motion. That hardly "split" the District on whether post-collection fees are recoverable under the FLSA *at all*. Indeed, our colleagues in this District—including Magistrate Judge O'Sullivan, who wrote *DiFrancesco*—have long reached the identical (and uncontroversial) conclusion that parties can't recover fees they haven't yet incurred. *See Watts v. Club Madonna, Inc.*, 2020 WL 4718561, at *2 (S.D. Fla. Aug. 13, 2020) (O'Sullivan, Mag. J.) (denying "premature" motion for fees where the "plaintiff ha[d] not [yet] obtained any success in [his] post-judgment collection efforts"); *see also Rivera v. Am. Med. Network LLC*, 2023 WL 399864, at *6 (S.D. Fla. Jan. 6, 2023) (McAliley, Mag. J.) (same), *report and recommendation adopted*, 2023 WL 399711 (S.D. Fla. Jan. 25, 2023) (Williams, J.); *Niebuhr v. K.F.A. Enters., Inc.*, 2010 WL 5439762, at *11 (S.D. Fla. Dec. 28, 2010) (Simonton, Mag. J.) ("[I]n *DiFrancesco*, and in the cases cited therein, attorney's fees were awarded after they were actually incurred in collection of the default judgment. The undersigned will not rule at this time as to whether [ ] counsel is entitled to an award of hypothetical, future attorney's fees which may be incurred in collection of the default judgment unless and until [he] actually incurs [those] fees.").

6

the agreement prohibited it).[9] "Rule 68 offers"—like the one the Plaintiff agreed to here—"are governed by normal principles of contract law." *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 943 (11th Cir. 2020); *see also Pope v. Lil Abner's Corp.*, 92 F. Supp. 2d 1327, 1327 (S.D. Fla. 2000) (Jordan, J.) ("Courts apply traditional principles of contract law to interpret offers of judgment made under Rule 68." (citing *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1209 (11th Cir. 1983))). If they contain ambiguities, those ambiguities must be "construed against the drafter, not ignored entirely." *Vasconcelo*, 981 F.3d. at 943. And "[w]hen the parties have adopted a writing as a final expression of their agreement, interpretation is directed to the meaning of that writing in the light of the circumstances." *Gonzalez v. Chinatown Hotel Corp.*, 808 F. App'x 999, 1002 (11th Cir. 2020) (citing RESTATEMENT (2D) OF CONTRACTS, § 202 cmt. b (AM. L. INST. 1981)). The main difference between Rule 68 offers and ordinary contract negotiations is that "a plaintiff faced with a Rule 68 offer may only accept or refuse"—counteroffers aren't allowed. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002).

"[W]hen a Rule 68 offer is accepted, the district court is left with nothing to do but enter the agreed-to judgment." *Gonzalez*, 808 F. App'x at 1001. "[T]he mandatory language of the rule leaves no room for district court discretion." *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997). All we're able to do is enforce the offer—precisely as though it were a contract between the parties.

## ANALYSIS

Here, the Plaintiff accepted offers of judgment limiting her "reasonable attorney's fees and costs to the extent allowable under [the pertinent statute], in an amount . . . determined by the Court *through the date of this Offer of Judgment*." Offer of Judgment for Count I at 2 (emphasis added); *see also* Offer of Judgment for Count II at 1–2 (emphasis added). As Magistrate Judge Sanchez correctly

---

[9] Judge Rosenberg adopted Magistrate Judge Maynard's R&R in a paperless order. *See* Paperless Order Adopting Report and Recommendation, *Macias v. Barton Transp., Inc.*, No. 18-cv-14515 (S.D. Fla. Jan. 15, 2020), ECF No. 30.

7

observed, "the parties contractually agreed that the Plaintiff's mandatory award of attorney fees would be limited to those fees incurred through July 11, 2024." R&R at 12 (collecting cases in which courts limited fees to what they'd agreed to in a Rule 68 offer); *accord Macias*, 2019 WL 12267186, at *3. The Offers of Judgment contemplate that *either* the parties can agree to reasonable attorneys' fees *or* "[the] Plaintiff may file a motion with the Court for such attorney's fees and costs in accordance with the applicable rules of procedure." Offer of Judgment for Count I at 2; *see also* Offer of Judgment for Count II at 2. But there's no further provision for attorneys' fees incurred in filing *that* motion. Conspicuously, there's also no broader exception for fees incurred in collecting or enforcing the agreed-upon judgment. In other words, there's a firm, uncontroverted cutoff for when "reasonable attorney's fees" can be incurred: "through the date of th[e] Offer[s] of Judgment," which was July 11, 2024.

The Plaintiff wants "reasonable attorney's fees" she incurred *after* the date of the Offers of Judgment. As Magistrate Judge Sanchez correctly noted, however, "[t]he "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." R&R at 2 (quoting *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015)). Here, the parties' agreement modified the default principle—that's why the Plaintiff is getting fees at all—but only in a limited way. Even insofar as the FLSA would ordinarily have allowed us to award the Plaintiff her collection fees, the Plaintiff agreed that her award of reasonable attorneys' fees would be limited to fees accrued *before* the offers. The agreement doesn't contain any exceptions. For this reason, it wasn't error for Magistrate Judge Sanchez to decline to award post-offer fees. *Accord Otto v. City of Boca Raton*, 2023 WL 9289098, at *7 (S.D. Fla. Nov. 1, 2023) (Reinhart, Mag. J.) ("The Defendants' Offers unambiguously gave Plaintiffs the minimum required by Rule 68(a)—a judgment plus costs 'then accrued.' The parties were free to negotiate whether Defendants would agree to pay costs accrued

thereafter. By accepting the Offers as drafted, Plaintiffs waived their right to later-accrued costs."), *report and recommendation adopted*, 2024 WL 181554 (S.D. Fla. Jan. 17, 2024) (Rosenberg, J.).

The Plaintiff mounts three unpersuasive attacks on the R&R. *First*, she argues that the offers also provided that the Defendants would pay the settlement amounts "within a reasonable time of the Plaintiff's acceptance," but (she says) the Defendants didn't. Objections at 2–3. *Second*, she argues that the Defendants caused her to "expend otherwise unnecessary time and effort arguing her entitlement to an award of attorney's fees because Defendants improperly contested an award of any fees (even though such argument was contrary to the terms of the Rule 68 Offers)." *Id.* at 3. *Third*, she contends that Florida law "allows the discretionary award to a judgment creditor of fees incurred in connection with execution on a judgment." *Id.* at 3–5. Each of these points, she insists, show why it was error for Magistrate Judge Sanchez to refuse to award her collection fees.

This is all wrong. The Plaintiff's first and second arguments are fundamentally that, because the Defendants breached the agreement, she's entitled to damages. But the Plaintiff *never* argued to Magistrate Judge Sanchez that she was entitled to collection fees because the Defendants had supposedly breached the agreement. *See generally* Mot. for Attorney's Fees; Reply in Support of Mot. for Attorney's Fees [ECF No. 45]. In her Motion, she argued *only* that she was entitled to fees generally because she was the prevailing party. *See* Mot. at 4 ("[T]he Court found Plaintiff to be the prevailing party and entitled to recover her attorney's fees from Defendants[.]"). Nothing about a breach or a delay in payment. The Defendants responded that the offers limited the Plaintiff to reasonable attorneys' fees incurred through July 11, 2024, and therefore precluded recovery of fees the Plaintiff incurred *after* that date. *See* Resp. at 19 ("Plaintiff's fees are limited to those incurred 'through the date of [the] Offer[s] of Judgment' on July 11, 2024."). They also argued that she technically wasn't entitled to *any* fees because she hadn't served a copy of her draft motion on them before filing it, as our Local Rule 7.3 requires. *Id.* at 1–3. On Reply, the Plaintiff said that she'd extended a counteroffer by omitting

9

the date limitation from her acceptance of the offers—and that the Defendants had accepted that counteroffer by paying her damages. *See* Reply at 10.[10] She addressed the Local Rule 7.3 argument by insisting that she'd nevertheless "substantially complied" with the Rule, *see* Reply 3–4—a point with which Magistrate Judge Sanchez ultimately agreed, *see* R&R at 6 ("The Plaintiff has . . . substantially complied with Local Rule 7.3."). Still, she said *nothing* about any breach or a delay in payment, nor did she accuse the Defendants of breaching the agreement by advancing their Local Rule 7.3 argument.

We have discretion to decline to consider an argument a party never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge[.]"); *Golden v. Univ. of Miami*, 484 F. Supp. 3d 1255, 1258 n.1 (S.D. Fla. 2020) (Gayles, J.) ("[A]rguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation."); *Moore v. M/V Sunny USA*, 2019 WL 7207109, at *7 (S.D. Fla. Dec. 27, 2019) (Altman, J.) ("It is, of course, well-established that a district court need not consider new arguments a party failed to 'present to' the magistrate judge—even where, as here, those arguments are disguised as objections to the magistrate's report."), *aff'd*, 847 F. App'x 603 (11th Cir. 2021). We'll exercise that discretion here to dispose of the first and second arguments. If the Plaintiff actually believed that she was entitled to fees *both* because she'd prevailed *and* because the Defendants had breached the agreement by delaying payment, she could have made that argument in her opening Motion. She certainly *should* have raised any breach argument on Reply—once the Defendants explicitly argued that she wasn't entitled to any post-offer fees at all. Instead, she settled for making a borderline-frivolous counteroffer argument. This all smacks of gamesmanship, and we won't tolerate it. Even on *de novo* review, we won't entertain arguments a party could have—but didn't—raise before

---

[10] As we've explained, this argument is squarely precluded by law. *See Util. Automation 2000, Inc.*, 298 F.3d at 1240 ("Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse.").

the magistrate. *See Worley v. City of Lilburn*, 408 F. App'x 248, 253 (11th Cir. 2011) (affirming district court's refusal to consider arguments advanced for the first time in the appellant's objections to the magistrate's R&R because the appellant "advanced no reason why he could not have discovered or presented [those] argument[s] . . . to the magistrate").[11]

The Plaintiff's third argument fares no better. She's right that, "[u]nder Fla. Stat. § 57.115(1), '[t]he Court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment.'" Objections at 3–4. But "[a]warding fees under this statute is discretionary." *Flava Works, Inc. v. A4A Reseau, Inc.*, 2018 WL 1863638, at *3 (S.D. Fla. Feb. 13, 2018) (Goodman, Mag. J.) (citing *Tower Cranes of Am, Inc. v. Monte Campbell Crane Co.*, 627 So. 2d 1350 (Fla. 4th DCA 1993)), *report and recommendation adopted*, 2018 WL 1859322 (S.D. Fla. Mar. 15, 2018) (Lenard, J.). The Plaintiff doesn't—and can't—explain how displacing the parties' agreement and rewriting the judgment to which they agreed is a permissible use of our discretion. In fact, because we're supposed to treat the accepted offers as ordinary contracts rather than judgments, it seems to us that § 57.115 doesn't apply here at all. The relevant provision would seem to be Florida Statute § 57.105(7), which provides that a court may allow reasonable

---

[11] Even if we'd considered the Plaintiff's first and second arguments, we'd hold that they fail on the merits. Remember, the Offers of Judgment provide that "[the] Plaintiff may file a motion with the Court for such attorney's fees and costs in accordance with the applicable rules of procedure"— presumably, in case the parties cannot reach an agreement themselves. Offer of Judgment for Count I at 2; *see also* Offer of Judgment for Count II at 2. According to the Plaintiff, she filed the Motion because "the parties could not agree on the amount of fees to be awarded to [the] Plaintiff." Mot. at 3–4. There's absolutely nothing in the record to indicate that the Defendants were unreasonably delaying payment. On the contrary, it seems that the parties were negotiating reasonable fees, and those negotiations simply fell through. We also couldn't conclude that the Defendants breached the accepted offers by opposing the Motion, which arguably violated at least one of the "applicable rules of procedure" by not complying with the letter of Local Rule 7.3. And recall that, in ordinary breach-of-contract actions, "Florida courts follow the 'American Rule' that attorney's fees may only be awarded pursuant to an entitling statute or agreement among the parties." *Nagel v. Glob. Growth Holdings, Inc.*, 730 F. Supp. 3d 1243, 1244 (M.D. Fla. 2024) (quoting *Dade Cnty v. Pena*, 664 So. 2d 959, 960 (Fla. 1995). So, even if the Defendants *had* breached the accepted offers, the appropriate remedy would simply be to award the Plaintiff the limited fees those offers entitle her to.

11

attorneys' fees to a party who successfully enforces a contract "*contain[ing] a provision allowing attorney's fees* to a party when he or she is required to take any action to enforce th[at] contract." FLA. STAT. § 57.105(7) (emphasis added). As we've said, the agreements the offers created strictly limit the period for which the Plaintiff can collect fees, and carve out no exception for enforcement or collection. Either way, we don't have discretion to give the Plaintiff what she wants.

The Plaintiff complains broadly that, if we don't use our discretion to award her collection fees, we'll encourage Rule 68 "offerors—upon becoming judgment debtors—to resist and never satisfy the judgment entered through the grant of immunity from fees." Objections at 4–5. That's not true. Plaintiffs are perfectly free to refuse Rule 68 judgments that don't include provisions allowing them to recover collection fees. They can even negotiate for penalties for noncompliance. *See, e.g., Macias*, 2019 WL 12267186, at *3 (discussing FLSA settlement agreement that "include[d] a $5,000 penalty if Defendant fail[ed] to make good on its terms"). But where the parties have agreed to limit a plaintiff's entitlement to attorneys' fees in exchange for a swift judgment, we have no power—or desire—to undo their bargain. *See Otto*, 2023 WL 9289098, at *8 ("When a contract is clear and unambiguous, the court's role is to enforce the contract as written, not to rewrite the contract to make it more reasonable for one of the parties." (quoting *Snyder v. Fla. Prepaid Coll. Bd.*, 269 So. 3d 586, 592 (Fla. 1st DCA 2019))).

\*   \*   \*

On review of the rest of the R&R, the Objections, the record, and the governing law, we can find no clear error. Accordingly, after careful review, we **ORDER** and **ADJUDGE** as follows:

1. The Objections to the Report and Recommendations [ECF No. 48] are **OVERRULED**.

2. The Report and Recommendations [ECF No. 47] are **ADOPTED** and **APPROVED** in full.

3. The Plaintiff's Motion for Attorney's Fees [ECF No. 38] is **GRANTED in part** and **DENIED in part** on the terms set forth in the Report and Recommendations.

**DONE AND ORDERED** in the Southern District of Florida on March 14, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record